**SHOPCO GROUP et al., Appellees and Cross–Appellants,**

v.

**CITY OF SPRINGDALE; Simon et al., Appellants and Cross–Appellees.**

[Cite as *Shopco Group v. Springdale* (1989), 64 Ohio App.3d 373.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–880490, C–880635.

Decided Dec. 20, 1989.

*Strauss & Troy, C. Francis Barrett* and *M. Michele Fleming,* for appellees and cross-appellants.

*Kohnen, Patton & Hunt* and *W. Andrew Patton,* for appellees Vanover, Colegrove, Barnwell, Graham, Barnett and Knox.

*Manley, Burke & Fischer, Robert E. Manley* and *Timothy M. Burke,* for appellee Equitable Life Assurance Society of the U.S.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Brian E. Hurley,* for appellant John Hamilton.

*Mechley, Robbins & Kelly Co., L.P.A.,* and *James M. Kelly,* for appellants Simon, Perkinson and Business Intelligence, Inc.

---

*Per Curiam.*

The events leading to the present appeal began when the plaintiffs submitted an application to the city of Springdale to rezone a parcel of real estate they owned and wished to develop. The City Council of Springdale denied this application. The plaintiffs then sought to have the zoning classifications declared unconstitutional as applied to the subject real estate. They further sought to have their proposed use declared a reasonable and proper use of the real estate and to recover money damages for the regulatory taking of the property.

After the defendants' motion for intervention was granted, they served subpoenas duces tecum upon non-party-witness appellant Business Intelligence, Inc. ("BII") (a private-investigation firm allegedly retained by plaintiffs' counsel to work on the zoning matter) and its employees, including non-party witness appellants James Simon, John and Michael Perkinson (hereinafter included in references to Simon) and John Hamilton (a private investigator working on the same investigation through J. Heeney & Associates and under contract with BII).

Simon, Hamilton and the plaintiffs filed motions to quash the subpoenas and sought protective orders on the subpoenas. The intervening defendants thereafter filed a motion to compel the taking of Hamilton's deposition and the production of the requested documents.

The trial court subsequently denied the motion of Simon, ruling that no privilege existed which would prevent him from testifying or from producing the documents sought by the intervening defendants. Those documents which the court held to be subject to discovery consisted of telephone and credit-card records. Simon has appealed the ruling against him in the case numbered C–880490 upon our docket.

In addition, the trial court denied Hamilton's motion. This ruling has been appealed under the number C–880635. Finally, the motion of the plaintiffs was also denied, with the trial court granting the intervening defendants' motion to compel. The plaintiffs have filed a notice of cross-appeal under the same number assigned to Hamilton's appeal. The various appeals have been consolidated for the purposes of record, argument and decision. A motion to

dismiss for lack of a final appealable order, filed by the intervening defendants, has been denied by this court.

The appellants and cross-appellants each contend, in essentially similar assignments of error, that the trial court erred when it overruled their motions to quash, denied their requests for a protective order, and granted the intervening defendants' motion to compel. Their assignments are well taken.

In their underlying action, the plaintiffs are seeking two remedies on the merits of the case *sub judice*. First, the plaintiffs demand that certain changes be made in the city's zoning provisions to allow for the development of the land in question as a shopping mall. It is undisputed that those changes have now been made.

Second, pursuant to the United States Supreme Court's ruling in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles* (1987), 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250, the plaintiffs allege that they are entitled to money damages from the city of Springdale (not a party to this appeal) as a result of the city's failure to make the zoning changes promptly. Since the changes have now been made, it is apparent that the only issue left in dispute is the one concerning the money damages.

The defendants allege that Simon and Hamilton have information which is pertinent to their investigation of the zoning matter and seek to discover it by means of the depositions and the subpoenas duces tecum.

Civ.R. 26(B)(1) defines generally the scope of discovery and states in part:

"Parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." (Emphasis added.)

The meaning of the general definition is straightforward: the material sought to be discovered must be relevant to the subject matter of the pending action.

Upon review of the record in the case *sub judice*, we find no showing that the testimony of Simon, the Perkinsons or Hamilton, or their records concerning telephone and credit-card transactions, are relevant to the plaintiffs' claim for money damages against the city of Springdale or, for that matter, to the underlying changes in the city's zoning ordinances. Because the requested discovery was not demonstrably relevant to the remaining issues pending in the underlying action, we conclude that the trial court erred as follows: (1) when it did not quash the subpoenas and issue a protective order, and (2) when it granted the intervening defendants' motion to compel testimony and production of documents.

The judgment of the trial court is reversed and this cause is remanded for journalization of an order consistent with the law and this decision.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., UTZ and GORMAN, JJ., concur.