MARTIN et al., Appellees,

v.

THE BUDD COMPANY et al., Appellees; Goodyear Tire & Rubber Company, Appellant.

[Cite as *Martin v. The Budd Co.* (1998), 128 Ohio App.3d 115.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18695.

Decided June 3, 1998.

*Thomas F. Dasse,* for appellees.

*William J. Bribriesco,* for appellees.

*Russell A. Smith* and *R. Bryan Nace,* for appellees.

*Orville L. Reed III* and *Steven R. Malynn,* for appellant.

---

SLABY, Presiding Judge.

Appellant, Goodyear Tire & Rubber Company, appeals from the trial court's denial of its motion to quash a subpoena *duces tecum.* We reverse.

Albert and Leroy Martin filed a products liability action that is pending in the District Court of Scott County, Iowa. The Martins allege in the Iowa action that during the mounting of a sixteen-inch, used 1984 Goodrich tire on a 16.5-inch wheel manufactured by The Budd Company, the tire exploded and injured Leroy Martin. The Martins claim that the tire was designed with a multi-strand weftless bead. The Martins argue that if Goodrich had used the single-strand design, a design which Goodyear utilized around 1984, Leroy Martin would not have been injured.

The Martins filed the instant action in the Summit County Court of Common Pleas to secure the issuance of a subpoena upon Goodyear for information about the design, manufacture, and safety history of particular Goodyear tires, as well as documents from the Tire & Rim Association and the Rubber Manufacturers Association discussing the mounting and/or inflating of sixteen-inch tires on 16.5-inch wheels that the Martins believe are in Goodyear's possession. The Martins aver that the single-strand bead tire was a feasible design alternative for Goodrich. The Martins argue that the information requested in the subpoena is necessary to rebut the testimony of Goodrich's expert, Stanley Lew, who opined that it was not commercially feasible for Goodrich to produce sixteen-inch radial tires with single-strand tire beads in 1984.

On June 5, 1997, the Summit County Court of Common Pleas issued an order that allowed a subpoena to be served upon Goodyear. The subpoena required that Goodyear produce three categories of documents at a video deposition:

"1. Documents and drawings related to the design, manufacture and/or purchase of single strand tire beads used in Goodyear 16 inch light truck tires prior to 1984 and the equipment used to manufacture those tire beads.

"2. True and accurate copies of minutes and other documents discussing the mounting and/or inflating of 16 inch tires on 16.5 inch wheels that the Goodyear Tire and Rubber Company received from the Rubber Manufacturers Association.

"3. True and accurate copies of minutes and other documents discussing the mounting and/or inflating of 16 inch tires on 16.5 inch wheels that the Goodyear Tire and Rubber Company received from the Tire & Rim Association."

In its June 5, 1997 order, the trial court further required Goodyear to produce an employee or employees to testify on the following issues:

"1. Goodyear's use of the single tire strand bead in 16 inch radial light truck tires, including the equipment used to manufacturer these tire beads;

"2. The safety record of Goodyear's 16 inch light truck tires with single strand beads including any reported injuries involving bead breakage following the mounting and inflating of a 16 inch Goodyear radial tire on a 16.5 inch wheel; and

"3. The authentication of Goodyear's minutes and documents received from the Rubber Manufacturers Association and the Tire & Rim Association discussing the mounting and/or inflation of 16 inch tires on 16.5 inch wheels."

On June 23, 1997, Goodyear filed its objections to subpoena *duces tecum*, motion to quash subpoena *duces tecum*, or, in the alternative, motion for protective order. The Martins responded to that motion, and on July 18, 1997, Goodyear filed its memorandum in further support of its motion to quash subpoena and request for oral argument. On July 21, 1997, Goodyear filed the affidavit of Thomas J. Fry in support of its motion to quash and objections to subpoena.

On July 30, 1997, the trial court overruled Goodyear's motions to quash the subpoena *duces tecum*. The trial court's judgment entry states simply that the motion to quash the subpoena *duces tecum* was denied. Goodyear filed a motion for reconsideration with the trial court. In their brief and in their response to Goodyear's motion for reconsideration, the Martins declared that they would agree to a protective order. Goodyear timely appeals the judgment of the trial court and raises three assignments of error.

"Assignment of Error I

"The trial court erred as a matter of law and abused its discretion when it overruled the objections of non-party The Goodyear Tire & Rubber Company (hereinafter 'Goodyear') to the Subpoena Duces Tecum served upon Goodyear, when it failed to quash the Subpoena Duces Tecum served upon Goodyear, and when it failed to fashion an appropriate Protective Order and thereby required Goodyear to produce highly confidential trade secrets concerning the design, manufacture, the equipment used to manufacture and the safety record of certain Goodyear tires."

Although much of Goodyear's brief is devoted to trade secret law and protective orders, we limit our review to whether the trial court erred by denying Goodyear's motion to quash the subpoena *duces tecum*. The trial court did not determine whether to issue a protective order. Furthermore, the Martins agreed

to a protective order in their brief to this court and in their response to Goodyear's motion for reconsideration in the trial court.

 A trial court enjoys considerable discretion in the regulation of discovery proceedings. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752, 755, citing *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary, not a mere error of judgment. *Howell v. Dayton Power & Light Co.* (1995), 102 Ohio App.3d 6, 12, 656 N.E.2d 957, 960–961. Despite this broad discretion held by trial courts in discovery matters, trial courts must consider the interests of parties seeking discovery and the interests of parties and nonparties resisting discovery.

 "[T]he material sought to be discovered must be relevant to the subject matter of the pending action." *Shopco Group v. Springdale* (1989), 64 Ohio App.3d 373, 375, 581 N.E.2d 1101, 1102. This court has acknowledged:

"The Civil Rules merely provide a mechanism whereby a party 'may obtain' discovery. Civ.R. 26(A). An affirmative duty to disclose all relevant information is *not* imposed at the outset of every lawsuit. In an effort to streamline standard litigation practice, the Civil Rules attempt to narrow pretrial discovery to only those issues the litigants actually intend to dispute. * * * Mandatory wholesale disclosure would not further this purpose." (Citation omitted.) *Grzelecki v. Skidmore* (Feb. 5, 1992), Summit App. No. 15159, unreported, at 7, 1992 W.L 20660.

 Moreover, discovery proceedings may not be used to conduct a mere fishing expedition for incriminating evidence. *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d at 668, 591 N.E.2d at 755. See *Drawl v. Cleveland Orthopedic Ctr.* (1995), 107 Ohio App.3d 272, 277–278, 668 N.E.2d 924, 927–928.

"[D]ocuments sought to be subpoenaed must have some relevance to and be reasonably necessary * * *." *McMillan v. Ohio Civ. Rights Comm.* (1974), 39 Ohio Misc. 83, 94, 68 O.O.2d 260, 266, 315 N.E.2d 508, 515. Pursuant to Civ.R. 45(C)(3)(c) and (d), on timely motion, a trial court shall quash or modify a subpoena when it "requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(4), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party [or] subjects a person to undue burden."

Civ.R. 45(C)(5) provides:

"If a motion is made under division (C)(3)(c) or (C)(3)(d) of this rule, the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated." See *Evans v. Evans* (Sept. 27, 1995), Hamilton App. No. C–940839, unreported, 1995 WL 566601, and *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85, 523 N.E.2d 902, 909–910.

■ Goodrich raised the defense that the single-strand tire design was not commercially feasible. Goodrich's expert opined that the single-strand tire design was not commercially feasible in 1984. We find that the Martins have failed to show a substantial need for the information requested from Goodyear because (1) the existence of the Goodyear single-strand design in the marketplace around 1984 is not disputed by the Martins and Goodrich, and (2) the Martins did not demonstrate that they could not obtain expert testimony regarding the commercial feasibility of the single-strand tire design in 1984 from other sources.

In light of Goodyear's nonparty status and the Martins' failure to demonstrate a substantial need for the requested information, the trial court should have granted Goodyear's motion to quash the subpoena on the basis that it created an undue burden on Goodyear. We find that the trial court abused its discretion by denying Goodyear's motion to quash the subpoena *duces tecum*. Goodyear's first assignment of error is sustained.

"Assignment of Error II

"The trial court's order violates public policy favoring the protection of trade secrets, and will result in the unnecessary and unreasonable dilution of trade secret protection.

"Assignment of Error III

"The trial court erred as a matter of law and abused its discretion when it denied the Motion of Non–Party, Goodyear, to Quash Subpoena Duces Tecum and thereby required Goodyear to act as Archivist for Plaintiff, and to compile and authenticate documents prepared and issued by two other organizations, neither of which is a party to the underlying action."

Because the first assignment of error is dispositive, we need not consider the Martins' second and third assignments of error. See App.R. 12(A)(1)(c).

Goodyear's first assignment of error is sustained. The judgment of the trial court is reversed.

*Judgment reversed.*

QUILLIN and BAIRD, JJ., concur.