Integrity Steel appeals from an order of the common pleas court, which denied its motion for a protective order and granted Majestic Steel's motion to compel production of allegedly confidential trade secrets and ordered its former employee, Micah DiSabato, to produce Integrity's customer list and pricing information. Integrity complains that the trial court erroneously ordered its customer list produced and failed to conduct an in camera inspection of the privileged materials.
After a review of the record, we reverse and remand to the trial court with instructions to conduct an in camera inspection of Integrity's customer list and pricing information and to disclose only relative information under an order of protection with respect to pricing.
The record reveals that Majestic hired DiSabato on April 18, 1997, and at that time, he signed a confidentiality and non-compete agreement. DiSabato signed a second agreement on April 17, 1998; thereafter Majestic terminated him on May 20, 1998. Within one month, DiSabato accepted an offer of employment from Integrity. Subsequently, Majestic filed a complaint against DiSabato for breach of contract alleging violations of the non-compete agreement during his employment with Integrity. On March 5, 1999, during the course of discovery, Majestic served Integrity with a subpoena duces tecum which required production of the following:
 4. All documents relating to or referencing customers DiSabato has solicited on behalf of Integrity Steel.
 8. Documents sufficient to show all sales DiSabato has made on behalf of Integrity Steel and identify for each such sale the customer, the product sold, the amount of the sale, and any commission paid to DiSabato.
Integrity objected to these requests asserting confidentiality of this information as trade secrets. Thereafter, on April 2, 1999, Majestic filed its motion to compel compliance with the subpoena, which Integrity opposed and moved for a protective order. On May 20, 1999, the court granted Majestic's motion to compel and denied Integrity's protective order. Integrity now appeals and raises two assignments of error for our review.
I.
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO COMPEL DISCOVERY AND DENYING APPELLANT'S MOTION FOR PROTECTIVE ORDER BECAUSE THE DOCUMENTS AND INFORMATION SOUGHT BY PLAINTIFF WERE TRADE SECRETS AND UNDER PRIVILEGE.
Integrity urges on appeal that the court erred when it granted Majestic's motion to compel because Integrity's customer list and pricing information are trade secrets and, therefore, are privileged. Majestic does not dispute the proprietary nature of the information it subpoenaed, but maintains that Integrity cannot prove the trial court's decision constituted an abuse of discretion. The issue then concerns whether the court abused its discretion when it granted Majestic's motion to compel.
Civ. R. 26 (C) provides in relevant part:
(C) Protective orders
 Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: * * * (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; * * * (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; * * * (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; * * *.
We further recognize that a trial court enjoys considerable discretion in the regulation of discovery proceedings. Manofsky v.Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary, not a mere error of judgment. Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6. Despite this broad discretion held by trial courts in discovery matters, trial courts must consider the interests of moving party seeking discovery. The material sought to be discovered must be relevant to the subject matter of the pending action. See Shopco Group v. Springdale (1989), 64 Ohio App.3d 373.
R.C. 1333.61 (A) defines a trade secret as follows:
 (D) "Trade secret" means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:
 (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
 (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
In this case, Majestic does not dispute that the information it seeks from Integrity constitutes trade secrets. The court granted Majestic's motion and ordered Integrity to disclose these trade secrets to Majestic without affording Integrity any protection. No justification exists in the record for the court's action, which constitutes an abuse of discretion because it did not sufficiently protect Integrity's trade secrets from Majestic. See Civ. R. 26 (C) which only permits disclosure of trade secrets in a "designated way".
The trial court has several options available upon reconsideration of this matter. It can compare the customer lists of Integrity against those of Majestic to determine whether there are any duplicate accounts, or it may order counsel to do so under proper limiting instructions designed to facilitate the requested discovery of only those matters at issue and to preserve the trade secrets of Integrity. If duplicate accounts exists, further discovery may be justified. The court would be well within its discretion to limit the scope of discoverable information to trial issues only and to restrain, under penalty of contempt, use of the disputed information for any purpose other then the instant litigation.
Because we have determined the trial court failed to impose any restrictions on the use of these trade secrets, its order compelling production constitutes an abuse of discretion, and therefore, this assignment of error is well taken. The matter is remanded for further action by the trial court in accordance with this opinion.
II.
 THE TRIAL COURT ERRED IN FAILING TO HOLD AN IN CAMERA INSPECTION OR DISCOVERY HEARING TO ENSURE THAT PLAINTIFF-APPELLEE'S DISCOVERY REQUESTS SOUGHT RELEVANT AND NONPROPRIETARY INFORMATION AND TO ENSURE THAT INTEGRITY STEEL SERVICE, INC.'S INTERESTS ARE PROTECTED.
Integrity argues the court erroneously failed to conduct an in camera inspection of its customers lists because Majestic's request is overly board and includes all of Integrity's customers that DiSabato solicited. Majestic maintains that Integrity did not request a discovery hearing or in camera inspection and, therefore, waived any alleged error. In review of our disposition of the first assignment of error, this is well taken and we remand the matter to the court for an in camera inspection and preparation of a complete order to insure that the litigation and the discovery can proceed, that the disclosure of the information will be limited to the purposes of the lawsuit, and that the court protects the confidential nature of Integrity's trade secrets.
Judgment reversed and remanded.
This matter is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. J., and
MICHAEL J. CORRIGAN. J., CONCUR
 __________________________ PRESIDING JUDGE TERRENCE O'DONNELL