OPINION
Appellants Theodore Schluter, Whitey's Inc. of Shelby, TFS Management, Inc., and Whitey's, Inc. appeal the decision of the Richland County Court of Common Pleas that granted a motion to compel discovery requests filed by Appellees PSL Motors, Inc., et al. ("PSL"). The following facts give rise to this appeal. This appeal concerns Appellee PSL's attempt to collect a judgment rendered in the trial court against Appellant Schluter. The underlying case in this matter involved a lawsuit Appellant Schluter brought against Appellee PSL in which Appellant Schluter alleged Appellee PSL breached an agreement to sell an automobile dealership located in Shelby, Ohio. Appellee PSL filed a counterclaim alleging that Appellant Schluter and its principal breached an agreement to manage the automobile dealership thereby forfeiting the right to proceed with the purchase of the dealership. Appellee PSL filed a motion for summary judgment. The trial court granted Appellee PSL's motion finding that Appellant Whitey's Inc. of Shelby breached the management agreement between the parties and therefore, was not entitled to purchase the dealership. This matter then proceeded to trial on Appellee PSL's damages claim. Following the presentation of evidence, the trial court directed a verdict in favor of Appellant Schluter on Appellee PSL's claim that appellant's conduct constituted fraud. After hearing the evidence, a jury found in favor of Appellee PSL, on the breach of contract claim, and rendered judgment in the amount of $48,860.65 against Appellant Whitey's, Inc. of Shelby. Following trial, Appellant Whitey's Inc. of Shelby filed a motion for remittitur which the trial court granted. Both parties appealed to this court. We reversed the trial court's order of remittitur and affirmed the trial court's grant of summary judgment and the jury verdict rendered in favor of Appellee PSL. Thereafter, appellees began collection efforts by issuing subpoenas seeking information from Appellants Whitey's, Inc. of Shelby and Theodore Schluter and other entities that were owned and controlled by Appellant Schluter. In response to the subpoenas, Appellant Whitey's, Inc. of Shelby provided certain documents it considered to be relevant to the question of collection. However, as to certain other documents, appellants refused to provide the information and instead filed a motion for protective order. In response, Appellee PSL filed a motion to compel discovery. The trial court granted Appellee PSL's motion to compel and ordered appellants and non-parties to whom subpoenas had been issued to provide the requested information. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 I. UNDER THE FACTS AND CIRCUMSTANCES OF THE CASE, THERE IS NO LEGITIMATE BASIS FOR INSPECTION OF RECORDS OF NON-PARTIES, TFS, AND WHITEY'S, INC.
 II. UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, THERE IS NO LEGITIMATE BASIS FOR THE INSPECTION OF ANY BUSINESS, FINANCIAL, OR TAX RECORDS OF NON-LITIGANT, THEODORE SCHLUTER.
 III. SINCE THE "CORPORATE VEIL" OF WHITEY'S INC. OF SHELBY CANNOT AND SHOULD NOT BE PIERCED, THE SUBPOENAS DIRECTED TO TFS, WHITEY'S, INC. AND THEODORE SCHLUTER PERSONALLY SHOULD BE QUASHED.
 IV. THE CONCEPT OF RES JUDICATA BARS CLAIMS BY PSL AGAINST SCHLUTER AND PSL IS ESTOPPED FROM PURSUING POST-JUDGMENT REMEDIES AGAINST SCHLUTER PERSONALLY AND NON-PARTY CORPORATIONS OWNED BY SCHLUTER.
 V. THE TRIAL COURT SHOULD HAVE SUSTAINED THE MOTION FOR PROTECTIVE ORDER ON BEHALF OF TFS, WHITEY'S INC. AND SCHLUTER.
 I, II
We will address appellants' first two assignments of error simultaneously as they concern the same issue. In their First Assignment of Error, appellants maintain that under the facts and circumstances of this case, there is no legitimate basis for inspection of records of non-parties, TFS Management, Inc. and Whitey's Inc. In their Second Assignment of Error, appellants contend there is also no legitimate basis for the inspection of any business, financial or tax records of Appellant Theodore Schluter. We disagree with both assignments of error. We review a trial court's disposition of discovery matters for an abuse of discretion. State ex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467,469. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court is not unrestrained in its exercise of discretion, but must "consider the interests of parties seeking discovery and the interests of parties and non-parties resisting discovery." Martin v. The Budd Co. (1998), 128 Ohio App.3d 115, 119. In support of these two assignments of error, appellants maintain appellees are not entitled to the information they seek to discover because Whitey's, Inc. and TFS Management, Inc. are not parties to the underlying litigation. Appellants also argue appellees should not be permitted to discover materials personal to Appellant Schluter because he has been adjudged not personally liable for the acts of Whitey's, Inc. of Shelby. We disagree with appellants' arguments and instead find that Civ.R. 69 permits the requested discovery. This rule provides, in pertinent part: * * * In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears on record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules. (Emphasis added.)
The plain language of Civ.R. 69 clearly permits discovery, from any person, in aid of executing on a judgment and is not limited to the judgment debtor. Therefore, the fact that Whitey's, Inc. and TFS Management, Inc. were not parties to the litigation does not exempt these entities from discovery under Civ.R. 69. Also, the fact that Appellant Schluter was found not personally liable for the acts of Whitey's, Inc. of Shelby is also irrelevant for purposes of discovery under this rule. Accordingly, the trial court did not abuse its discretion when it denied appellants' motion for a protective order. Appellants' First and Second Assignments of Error are overruled.
 III
In their Third Assignment of Error, appellants maintain that since the corporate veil of Whitey's, Inc. of Shelby cannot and should not be pierced, the subpoenas directed to TFS Management, Inc., Whitey's, Inc. and Appellant Schluter should be quashed. We disagree. Civ.R. 69 provides that the discovery may be had in the manner provided in the Rules of Civil Procedure. Civ.R. 26(B) addresses the scope of permissible discovery and provides as follows: (B) Scope of discovery Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows: (1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Under the scope of discovery as defined in Civ.R. 26(B), a party is not required to pierce the corporate veil in order to serve a corporate entity with discovery requests. Rather, the pertinent question is whether the requested information is relevant to the subject matter involved in the pending litigation. Freeman v. Cleveland Clinic Found. (1998), 127 Ohio App.3d 378, 388. According to Civ.R. 26(B)(1), the rule, relevant material will reasonably lead to the discovery of admissible evidence. Tschantz v. Ferguson (1994), 97 Ohio App.3d 693, 715. The trial court did not abuse its discretion in finding that the evidence sought by appellees is relevant as defined in Civ.R. 26(B). Appellees agree that they intend to attempt to pierce the corporate veil by showing that Appellant Schluter used Whitey's, Inc. of Shelby, Whitey's, Inc. and TFS Management, Inc., as alter egos and failed to maintain the corporate identities of each. The trial court did not err when it concluded the requested information is relevant. In their discovery requests, appellees asked for business records showing documentation, or the lack thereof, relative to the transferring of vehicles and borrowing of personnel. Appellees have also requested bank account records of TFS Management, Inc., Appellant Schluter and Whitey's, Inc. in order to trace the flow of funds from entity to entity relative to the commingling of funds including payment of legal fees and other financial obligations. Appellees also requested corporate records from TFS Management, Inc. and Whitey's, Inc. to determine the purpose for which these entities were established and whether there were any limitations upon their authority to pay for obligations not directly related to the corporations' business interests and whether they took any actions inconsistent with their corporate purposes. We conclude this information is relevant and will aid appellees in their attempt to execute on the judgment. Appellants' Third Assignment of Error is overruled.
 IV
In their Fourth Assignment of Error, appellants contend the concept or res judicata bars claims by Appellee PSL against Appellant Schluter and Appellee PSL is estopped from pursuing post-judgment remedies against Appellant Schluter personally and non-party corporations owned by Appellant Schluter. We disagree. Appellants maintain the subpoenas issued by appellees represent a fishing expedition and will not assist Appellee PSL in its collection efforts against Whitey's, Inc. of Shelby. For the reasons stated in the First and Second Assignments of Error, we conclude the doctrine of res judicata does not prevent appellees from conducting discovery, in accordance with Civ.R. 69, in order to execute on a judgment. Appellants' Fourth Assignment of Error is overruled.
 V
In their final assignment of error, appellants maintain the trial court should have sustained the motion for protective order on behalf of TFS Management, Inc., Whitey's Inc. and Appellant Schluter. We disagree. In support of this assignment of error, appellants argue the information sought is not relevant. For the reasons stated in the Third Assignment of Error, we conclude the trial court did not abuse its discretion when it denied the motion for protective order as to TFS Management, Inc., Whitey's, Inc. and Appellant Schluter. Appellants' Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 ________________________ Wise, J.
Gwin, P.J., and Wise, V. J., concur.