OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} On October 22, 1999, Appellant filed a Complaint in the Delaware County Common Peas Court against Appellees based on the termination of a business relationship between the parties known as In His Name Awareness, Inc. ("IHNA").
{¶ 2} IHNA was to market and sell an assortment of vitamins and dietary supplements
{¶ 3} In order to a facilitate a termination of Appellant's relationship and involvement with IHNA, the parties executed a document titled as "Release".
{¶ 4} In said "Release" Appellant agreed to release and discharge any and all of his past, present and future claims of Appellees with respect to INHA and in exchange, Appellees agreed to pay Appellant the following consideration: $5,000 cash, 5,000 shares of IHNA common stock (valued at $1.00 per share), and a distributorship in Sarasota, Florida.
{¶ 5} On January 4, 2000, Appellees filed an Answer and Counterclaim to said Complaint.
{¶ 6} On January 4, 2000, Appellees also filed a Motion to Bifurcate, a Motion for Stay of Discovery and a Motion for Partial Summary Judgment.
{¶ 7} On April 7, 2000, the trial court ordered a stay of all discovery pending a hearing on all motions.
{¶ 8} On April 18, 2000, the trial court ordered bifurcation of the issue of the validity of the release signed by Appellant from the remaining claims and further ordered all discovery not directly related to the issue of such validity stayed until disposition of same.
{¶ 9} On September 15, 2000, the trial court granted Appellee's Motion for Partial Summary Judgment, finding no grounds to set aside the release contract in this matter and set a date for submission of briefs on the issue of which causes of action survive said release.
{¶ 10} On November 1, 2000, Appellee's filed their brief and a second motion for summary judgment.
{¶ 11} On November 15, 2000, the trial court found that the first, second, third, fourth, fifth, six, seventh, ninth, twelfth, fifteenth, sixteenth and eighteenth causes of action failed to survive the release and dismissed same. The trial court further held that the eighth, tenth and seventeenth causes of action were remedial in nature and that relief would only be administered if the need arose. The trial court also lifted the stay of discovery on the remaining causes of action, that being the eleventh, thirteenth and fourteenth causes of action.
{¶ 12} On March 30, 2001, Appellant filed a response to Appellee's Motion for Summary Judgment and moved for Summary Judgment as to Appellee's Counterclaim.
{¶ 13} On April 17, 2001, the trial court sustained Appellee's second Motion for Summary Judgment, dismissing Appellant's case with prejudice.
{¶ 14} On June 13, 2001, the trial court granted Appellant's Motion for Summary Judgment on the issues of malpractice, misrepresentation, libel and slander and overruled same with respect to the claims for an award of attorney fees and breach of the release agreement.
{¶ 15} On August 17, 2001, Judge Henry Shaw recused himself as the trial court judge with this case being transferred to Judge Everett Krueger for resolution of the remaining issues.
{¶ 16} On August 24, 2001, Appellant filed a 60(B) Motion for Relief.
{¶ 17} On October 10, 2001, the trial court filed its Judgment Entry Denying Plaintiff's Motion for Relief from Judgment (Civil Rule 50(B)(5)) and its Judgment Entry Granting Judgment for the Defendants on their Counterclaim for Attorney Fees Pursuant to Civil Rule 11 and Revised Code § 2323.51.
{¶ 18} On November 9, 2001, Appellant filed his notice of appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. {¶ 19} "JUDGE SHAW WAS PREJUDICED AGAINST APPELLANT. JUDGE SHAW ERRED IN NOT DISCLOSING HIS PREJUDICE TO APPELLANT AND RECUSING HIMSELF FROM THE CASE."
 II. {¶ 20} "THE COURT ERRED IN NOT GRANTING APPELLANT'S REQUEST FOR CIVIL RULE (60)(B) RELIEF [SIC]."
 III. {¶ 21} "THE COURT ERRED IN DENYING APPELLANT DISCOVERY FROM APPELLEES-DEFENDANTS."
 IV. {¶ 22} "THE COURT ERRED IN ASSESSING SANCTIONS AGAINST APPELLANT."
{¶ 23} Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v. Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
 I.
{¶ 24} Appellant argues that the trial court failed to disclose his prejudice against Appellant and further should have recused himself in this matter. We disagree.
{¶ 25} As the record reflects that Judge Shaw did, in fact, recuse himself in this matter on August 17, 2001, we must assume that Appellant is arguing that Judge Shaw should have recused himself prior to such time.
{¶ 26} In order to protect this issue, appellant should have first requested the trial court to recuse itself or filed an affidavit of prejudice with the Supreme Court of Ohio. Because appellant failed to properly preserve the error, he cannot now challenge this issue. See,Lefort v. Century 21 Maitland Realty Co. (1987), 32 Ohio St.3d 121.
{¶ 27} Appellant's first assignment of error is overruled.
 II.
{¶ 28} In his second assignment of error, Appellant argues that the trial court erred in failing to grant his Civ.R. 60(B) motion for relief from judgment. We disagree.
{¶ 29} Civil Rule 60(B) provides:
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
{¶ 30} As Appellant's motion does not meet the requirements of sections (1) through (4), such motion falls under Civ.R. 60(B)(5).
{¶ 31} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
{¶ 32} We have reviewed the record in this matter and find that the trial court did not err in finding that Judge Shaw's participation in this case did not give rise to the appearance of impropriety. We further find that the decision of the trial court would not have been different if the judge had stepped aside. Volodkevich v. Volodkevich (1988),35 Ohio St.3d 152.
{¶ 33} We do not find that the decision of the trial court was unreasonable, arbitrary or unconscionable.
{¶ 34} The trial court's denial of Appellant's Civ.R. 60(B) motion for relief from judgment was not unreasonable, arbitrary or unconscionable.
{¶ 35} Appellant's second assignment of error is overruled.
 III.
{¶ 36} In Appellant's third assignment of error, he argues that the trial court erred in denying appellant discovery. We disagree.
{¶ 37} We review a trial court's disposition of discovery matters for an abuse of discretion. State ex rel. The V. Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 469, 1998-Ohio-329. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court is not unrestrained in its exercise of discretion, but must "consider the interests of parties seeking discovery and the interests of parties and non-parties resisting discovery." Martin v. The Budd Co. (1998), 128 Ohio App.3d 115, 119.
{¶ 38} A review of the record in the case sub judice, reveals that the trial court stayed discovery until such time as a decision was made on the validity of the release signed by Appellant. Once the release was upheld by the trial court, the trial court found that the majority of Appellant's causes of action did not survive and therefore Appellant was not entitled to discovery on same.
{¶ 39} We do not find the trial court's stay of discovery to be unreasonable, arbitrary or unconscionable and therefore do not find an abuse of discretion.
{¶ 40} Appellant's third assignment of error is not well-taken and is therefore overruled.
 IV.
{¶ 41} In his fourth assignment of error, Appellant argues that trial court erred in assessing sanctions against him. We disagree.
{¶ 42} Appellant asserts that appellees failed to affirmatively demonstrate that the attorney fees were incurred as a direct result of frivolous conduct.
{¶ 43} The imposition of attorney fees under R.C. § 2323.51
and the decision to impose sanctions under Civ.R. 11 is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Mills Transfer, Inc. v. Z Z Distributing Co. (1991), 76 Ohio App.3d 628. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 44} R.C. § 2323.51 controls the imposition of attorney fees for frivolous conduct. R.C. § 2323.51(B)(1) provides that a court may award "court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct."
{¶ 45} R.C. § 2323.51 (B)(2) provides in pertinent part:
 (2) An award may be made pursuant to division (B) (1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:
 (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct
 (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.
{¶ 46} This provision clearly mandates that once a court has determined that frivolous conduct has occurred, the court must make an additional determination that a party has been adversely affected by such conduct before determining whether an award of attorney fees is appropriate. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 54. A party is not necessarily or presumptively adversely affected based solely upon the fundamental necessity of expending attorney fees to defend a lawsuit in general. Id. Where a determination has been made that certain claims in a civil action were frivolous, the party seeking attorney fees pursuant to R.C. § 2323.51 must affirmatively demonstrate that he incurred additional attorney fees as a direct and identifiable result of defending the frivolous conduct in particular. Id. R.C. § 2323.51
(B)(3) disallows an award in excess of fees reasonably incurred and necessitated by the frivolous conduct. Further, the statute specifically authorizes admission into evidence of an itemized list or other evidence of legal services necessitated by the alleged frivolous conduct. R.C. § 2323.51 (B)(5).
{¶ 47} In the case sub judice, the trial court conducted an oral hearing in this matter on September 28, 2001. Admitted into evidence were Defendant's Exhibit 1, 2 and 3, which included inter alia, an itemized statement of account as well as a summary of fees and expenses. These documents, in addition to the file and earlier rulings by the court were considered with the court finding:
 "by clear and convincing evidence that the Plaintiff's conduct was frivolous in pursuing this lawsuit after signing a release and settling disputes with the Defendant. Certainly, the Defendant was adversely affected by the time and emotions expended in defending the suit after understanding that the matter was closed and having to engage counsel and incur substantial fees. (October 10, 2001 Judgment Entry).
{¶ 48} The trial court went on to state "[i]f any case cries out for sanctions for frivolous conduct, this case does." Id.
{¶ 49} The trial court also made a finding the attorney fees to be "reasonable and necessary, considering the complexity and multitude of claims." Id.
{¶ 50} We find that the trial court did not abuse its discretion by awarding attorney fees and costs as sanctions since such decision was not arbitrary, unconscionable or unreasonable.
Appellant's fourth assignment of error is overruled.
The decision of the Delaware County Court of Common Pleas is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to Appellant.