This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Non-party Appellant Akron Square Chiropractic has appealed from a judgment entry of the Summit County Court of Common Pleas that sanctioned it and ordered it to produce documents. This Court reverses and remands.
 I
This appeal stems from a personal injury complaint filed by Plaintiff-Appellee Wade Ray against Defendant-Appellee Marcus Jacquemain. During discovery, Jacquemain filed a notice to take the deposition of the business/office manager of Appellant Akron Square Chiropractic ("ASC"). A subpoena was issued for the business/office manager of ASC ("manager") to appear for a deposition on September 28, 2001. Neither the notice to parties to take the deposition nor the subpoena listed a name for the manager or described any material that should be brought to the deposition. Beyond the case caption, the subject matter of the deposition was undisclosed in the subpoena. However, ASC filed a motion to quash the subpoena claiming that any information desired was not discoverable, did not bear on the treatment or care of Ray, and included privileged information.
No one from ASC attended the deposition. On October 3, 2001, Jacquemain filed a brief in opposition to the motion to quash the subpoena. He claimed the issue of the discoverability of information and/or records was previously resolved at a pre-trial hearing in late August 2001. However, the record is void of any evidence of the pre-trial conference Jacquemain asserts took place in August 2001. Further, ASC has pointed out that it did not become involved in this case until September 2001. Thus, any agreement at such a pre-trial conference between the parties and the court that non-party ASC be required to disclose specific information through testimony and/or by delivery of office or patient records would not put ASC or its office manager on notice to provide such information. Nor would any such agreement function as a Civ.R. 45 subpoena or discovery request. On October 9, 2001, Jacquemain filed a motion for sanctions against ASC because its manager did not attend the deposition and for an order compelling the manager to appear for a deposition. In the meantime, the arbitrators in the underlying personal injury action found in favor of Ray.
On October 15, 2001, without waiting the ten days allotted to ASC to respond to the motion for sanctions and without waiting the required fourteen days before issuing a ruling under Loc.R. 7.14(a), the trial court ordered the manager to appear on October 24, 2001 and show cause as to why he should not be held in contempt for failing to attend the deposition, and to appear for a deposition to be conducted at the show cause hearing. In addition, although not requested by Jacquemain in his motion for sanctions or otherwise requested under Civ.R. 45(A), the trial court sua sponte ordered the manager to bring to the contempt hearing all books and records showing the business practices of ASC, including any attorney referrals. On October 17, 2001, ASC filed a motion to strike the motion for sanctions, asserting that the trial court had not ruled on the motion to quash the subpoena and, therefore, the motion for sanctions was untimely.
On October 24, 2001, Dr. Carder, a chiropractor at ASC, appeared at the show cause hearing without any documents. At the start of the hearing, the trial court denied ASC's motion to quash the subpoena. During the hearing, Dr. Carder testified that he serves as the doctor-on-call/manager of ASC. After questioning Dr. Carder, the trial court ordered ASC to bring the following information to a status conference on November 26, 2001:1) the number of patients treated by ASC for the last three years; 2) the name of the attorneys who represented the individual patients from the last three years (if applicable); and 3) the number of cases handled by ASC wherein the patient was represented by Thomas Magelaner Associates and/or an individual employed by Thomas Magelaner Associates. The trial court never found ASC or Dr. Carder in contempt of court. However, it ordered ASC "to bear any and all costs and attorneys fees associated with the filing of the Motion for Sanctions, appearance at the Motion to Show Cause as well as any and all additional hearing dates. [sic]" The order permits redaction of the names of patients from any documents presented to the court. After the show cause hearing, Jacquemain appealed the arbitrator's decision and requested a jury trial. ASC then renewed its motion to quash the subpoena arguing that the discovery request was unreasonable, excessive and overly burdensome. ASC has timely appealed the judgment of the trial court, asserting four assignments of error. For ease of discussion, this Court will address ASC's assignments of error simultaneously.
 II Assignment of Error Number One The trial court erred as a matter of law and/or abused its discretion in ordering [ASC] to produce certain medical records and information where [Jacquemain's] discovery requests failed to specifically request the production of such records and information.
 Assignment of Error Number Two The trial court erred as a matter of law in ordering [ASC] to produce certain medical records and information contrary to the mandates of the Ohio Rules of Civil Procedure and interpretive case law.
 Assignment of Error Number Three The trial court abused its discretion in ordering [ASC] to produce certain medical records and information contrary to the Ohio Rules of Civil Procedure and interpretive case law.
 Assignment of Error Number Four The trial court erred as a matter of law and/or abused its discretion in failing to strike [Jacquemain's] motion for contempt; in finding [ASC] in contempt; and in ordering sanctions against [ASC].
In its four assignments of error, ASC has argued that the trial court's behavior constitutes an abuse of discretion and that the trial court's decisions regarding this discovery issue were in error.
A trial court enjoys broad discretion in the regulation of discovery proceedings. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668; see, also, State ex rel. The V Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 469. Therefore, absent an abuse of discretion, an appellate court will not overturn the trial court's ruling on such matters. Marshall, 81 Ohio St.3d at 469. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary, not a mere error of judgment. State v.Adams (1980), 62 Ohio St.2d 151, 157. "Despite this broad discretion held by trial courts in discovery matters, trial courts must consider the interests of parties seeking discovery and the interests of parties and nonparties resisting discovery." Martin v. The Budd Co. (1998),128 Ohio App.3d 115, 119.
Pursuant to Civ.R. 30(A), a party wishing to depose a non-party person may compel the attendance of that person by the use of subpoena as provided by Civ.R. 45.[1] Civ.R. 45(A) provides:
"(1) Every subpoena shall do all of the following:
 "(a) state the name of the court from which it is issued, the title of the action, and the case number;
 "(b) command each person to whom it is directed, at a time and place specified in the subpoena, to:
 "(i) attend and give testimony at a trial, hearing, or deposition;
 "(ii) produce documents or tangible things at a trial, hearing, or deposition;
 "(iii) produce and permit inspection and copying of any designated documents that are in the possession, custody, or control of the person;
 "(iv) produce and permit inspection and copying, testing, or sampling of any tangible things that are in the possession, custody, or control of the person; or
 "(v) permit entry upon designated land or other property that is in the possession or control of the person for the purposes described in Civ.R. 34(A)(3).
"(c) set forth the text of [Civ.R. 45(C) and (D)]."
If a non-party is subpoenaed only to attend and give testimony pursuant to Civ.R. 45(A)(1)(b)(i), his remedy to avoid attending the deposition is to file a motion to quash the subpoena under Civ.R. 45(C). Pursuant to Civ.R. 45(C):
 "(3) On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena * * *, if the subpoena does any of the following:
"(a) Fails to allow reasonable time to comply;
 "(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
"* * *
"(d) Subjects a person to undue burden."
If the motion to quash the subpoena is not ruled on before the scheduled deposition, "it may ordinarily be presumed that the court overruled it." Marshall, 81 Ohio St.3d at 469.
If a witness deponent served with a valid subpoena does not appear for his deposition, the party seeking discovery may file a motion for sanctions under Civ.R. 45(E). Pursuant to Civ.R. 45(E):
 "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. A subpoenaed person * * * who frivolously resists discovery under this rule may be required by the court to pay the reasonable expenses, including reasonable attorney's fees, of the party seeking the discovery."
A review of the record reveals that Jacquemain's subpoena to the manager satisfies Civ.R. 45 and that Dr. Carder, as the admitted manager, should have attended the deposition. But that is all he was required to do. Thus, Dr. Carder could properly be found in contempt for his failure to appear at the original deposition and be ordered to appear at a rescheduled deposition and ordered to pay costs and fees related solely to his non-appearance at the original deposition. However, Dr. Carder was not found in contempt for his failure to appear at the original deposition and the trial court never ordered him to pay costs and fees related to his failure to appear. Instead, the trial court simply ordered ASC, an entity not yet subject to the subpoena power of the court, nor otherwise previously ordered by the court to produce documents, "to bear any and all costs and attorneys fees associated with the filing of the Motion for Sanctions, appearance at the Motion to Show Cause as well as any and all additional hearing dates. [sic]"
This Court finds that the trial court abused its discretion in scheduling a show cause hearing that ordered the manager to bring documents to the contempt hearing because Jacquemain never requested the documents under the Ohio Rules of Civil Procedure. See Civ.R. 34(C) and Civ.R. 45(A)(1)(b)(ii). Moreover, the trial court abused its discretion by ordering ASC to pay Jacquemain's costs and attorney's fees and to deliver documents to the court. ASC, a non-party legal entity, was not subpoenaed to appear under Civ.R. 45; therefore, the trial court lacked the authority to order ASC to pay costs and fees for Dr. Carder's failure to appear at his deposition.[2] Further, since the only issue properly before the trial court at the show cause hearing was Dr. Carder's failure to attend the deposition, any costs and fees awarded as a result of that failure are limited to costs and fees that were a direct result of his failure to appear on the day of the deposition. The sanctions should not include any costs and fees relating to Dr. Carder's failure to produce documents because the documents were never properly requested and the trial court abused its discretion in ordering Dr. Carder and then ASC to produce them.
The Rules of Civil Procedure provide an essential roadmap to aid parties and the court in navigating the many curves and dead-ends involved in civil litigation. While this Court cannot speculate on the outcome of this discovery dispute had the parties complied with the rules, it can ensure that the rules are followed. The Rules of Civil Procedure are designed to benefit parties, non-parties, and the court. If justice is to be served in a timely, inexpensive, and equitable manner, all must adhere to them. Based on the foregoing, ASC's four assignments of error are sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
 III
ASC's assignments of error are sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] Person is defined in R.C. 1.59(C) as including legal entities such as corporations, business trusts, partnerships, and associations. Since Jacquemain's subpoena named the manager as the witness to appear and not the legal entity, ASC, this Court assumes without deciding that Jacquemain did not intend to issue a subpoena to ASC as a separate legal entity (whatever type of entity ASC may be) and accordingly ASC was never subject to the subpoena power of the court to provide its employee's testimony.
[2] The issue of whether a legal entity, such as a corporation, may be ordered to pay costs and attorney's fees when one of its employees or agents fails to respond to a subpoena to appear and produce company documents is not before this Court. Therefore, our holding is limited to instances where the subpoena served on an employee or agent only requires attendance.