DRAWL, Appellant,

v.

**CLEVELAND ORTHOPEDIC CENTER et al., Appellees.**

[Cite as *Drawl v. Cleveland Orthopedic Ctr.* (1995), 107 Ohio App.3d 272.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–177.

Decided Nov. 6, 1995.

*Merrie Frost,* for appellant.

*Reminger & Reminger, Mario Ciano* and *Nicholas D. Satullo,* for appellees.

---

NADER, Judge.

This is an appeal from a jury verdict rendered in the Lake County Court of Common Pleas on a claim of sexual harassment.

On December 10, 1993, appellant, Leila D. Drawl, filed a complaint in the Lake County Court of Common Pleas against appellees, Cleveland Orthopedic Center, Inc. and Faissal Zahrawi, M.D. The complaint alleged that appellant was appellees' employee and that Zahrawi sexually harassed her during her employment with him.

On March 4, 1994, appellant filed a motion *in limine,* a motion to suppress, a motion to stay depositions, and a motion for a protective order, all of which requested the exclusion of evidence relating to appellant's "sex life, sexual nature or her personal character." The trial court entered an order on April 25, 1994 which granted the protective order as to appellant's private activity, but denied it as to her conduct at work. The trial court further denied appellant's motions to stay and to suppress and reserved ruling upon the motion *in limine.* Appellant's motion *in limine* was subsequently granted on September 26, 1994.

Appellees filed a motion for a protective order on August 22, 1994, which requested that discovery of Zahrawi's personnel file from Lake Hospital Systems be prohibited. On September 16, 1994, the trial court entered an order granting appellees' motion for a protective order.

On September 19, 1994, the case proceeded to trial before a jury. On September 26, 1994, a unanimous verdict in favor of appellees was filed. The

trial court, on the same date, entered judgment upon the jury's verdict. On October 4, 1994, appellant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied in orders entered November 7, 1994 and November 22, 1994. Appellant filed a timely appeal and asserts the following as error:

"1. The Trial Court erred in allowing testimony of Defendant–Appellee's good character and testimony of Plaintiff–Appellant's bad character into evidence. Character evidence is inadmissible in a civil trial of sexual harassment; the character evidence unduly prejudiced and misled the jury which was reversible error by the Trial Court.

"2. The Trial Court erred in granting Defendant–Appellee's Motion for Protective Order regarding discovery of Defendant–Appellee's personnel file from Lake Hospital System[s]. Pursuant to Civ.R. 26(B)(1), evidence which is relevant or may lead to the discovery of admissible evidence is discoverable and therefore the granting of the Protective Order was reversible error by the Trial Court.

"3. The Trial Court erred in limiting the admissible testimony to the exact time frame that Plaintiff–Appellant was employed by Defendant–Appellee, and thereby excluded testimony which would have 1) shown necessary motive and intent of the Defendant–Appellee, 2) substantiated Plaintiff–Appellant's allegations of a hostile work environment, and 3) impeached the testimony of Defendant–Appellee. This limitation constitutes reversible error by the Trial Court.

"4. The Trial Court erred in denying Plaintiff–Appellant's motions for Mistrial, Judgment Notwithstanding the Verdict and for a New Trial."

In appellant's first assignment of error, it is argued that the trial court erred in admitting testimony regarding Zahrawi's good character and appellant's bad character. We disagree.

Evid.R. 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence."

■ With regard to this assignment of error, appellant makes two primary arguments. The first is that the trial court erred in admitting evidence regarding Zahrawi's good character. Specifically, appellant contends that the trial court erred in admitting testimony regarding Zahrawi's professional background and medical specialty. However, appellant testified that one instance of alleged harassment occurred when Zahrawi requested that she attend an out-of-town medical conference with him. Appellees were then permitted to introduce evidence showing that Zahrawi created a surgical procedure and often traveled to

medical conferences to explain the technique. Evidence was also presented that Zahrawi was considering performing some surgeries in his office, which would require the staff to become familiar with the procedures. Zahrawi testified that appellant had expressed dissatisfaction with her current position and a desire for greater responsibility. As a result, Zahrawi requested that she attend a seminar conducted by the manufacturer of the medical equipment.

■ As the court held in *Scandinavian Health Spa, Inc. v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 581 N.E.2d 1169, the burden shifts to the employer to articulate a legitimate reason for its conduct once the plaintiff has set forth a prima facie case of employment discrimination. Therefore, evidence regarding the nature and purpose of the medical conferences in question was relevant to demonstrating a legitimate purpose for Zahrawi's invitation. The trial court did not err in allowing appellees to discharge their burden of proof in this respect.

■ Appellant argues that she should have been allowed to rebut such "good character" evidence with evidence demonstrating Zahrawi's bad character. Specifically, appellant argues that the trial court erred in denying her the opportunity to explore Jennifer Portaro's testimony regarding Zahrawi's "unethical practices." As we have already stated, the "good character" evidence to which appellant objects was admitted to demonstrate a legitimate purpose for instances of conduct which appellant claimed were discriminatory. Such evidence was not admitted as character evidence. However, even if such evidence had been admitted as character evidence, the trial court properly excluded Jennifer Portaro's testimony regarding unethical business practices. Evid.R. 608(B) states, in part:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. * * *" See, also, *State v. Leuin* (1984) 11 Ohio St.3d 172, 11 OBR 486, 464 N.E.2d 552.

■ Appellant next contends that the trial court erred in admitting evidence regarding her bad character. Specifically, appellant contends that the trial court erred in admitting evidence that appellant had discussed nude photographs of herself at work, that appellant had danced on tables at parties, that appellant drank a beer at a work party, that appellant dressed provocatively, and that appellant had had an affair with a previous employer.

In *Scandinavian Health Spa, supra*, 64 Ohio App.3d at 489, 581 N.E.2d at 1175, the court held that to establish a prima facie case of sexual harassment for a sexually hostile work environment, the plaintiff must establish that:

" '(1) the employee was a member of a protected class; (2) the employee was subjected to *unwelcome* sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affect seriously the psychological well-being of the plaintiff; and (5) the existence of respondeat superior liability.' *Highlander v. K.F.C. Natl. Management Co.* (C.A.6, 1986), 805 F.2d 644, 649; *Rabidue v. Osceala [Osceola ] Refining Co.* (C.A.6, 1986), 805 F.2d 611; *Henson v. Dundee* (C.A.11, 1982), 682 F.2d 897." (Emphasis added.)

In the instant case, the evidence to which appellant objects, with the exception of the prior work-related affair, were all statements which appellant made about herself while at work or conduct in which appellant engaged at work-related functions. Appellant concedes in her brief that "a major issue" at trial was whether the sexual advances were unwelcome. Additionally, in *Meritor Savings Bank v. Vinson* (1986), 477 U.S. 57, 68, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49, 60–61, the court held that the "gravamen of any sexual harassment claim is that the alleged advances were 'unwelcome.' " Thus evidence of a "complainant's sexually provocative speech or dress" is "obviously relevant." *Id.* at 69, 106 S.Ct. at 2406, 91 L.Ed.2d at 61. With regard to the prior work-related affair, the trial court sustained appellant's objection to appellees' question and instructed the jury to disregard the question. Thus, any error was cured. Appellant's first assignment of error is meritless.

 In appellant's second assignment of error, it is argued that the trial court erred in granting appellees' motion for a protective order to prevent appellant from discovering his personnel file from Lake Hospital Systems.

Civ.R. 26(C) provides:

"Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had * * *."

This rule gives a trial court inherent and broad authority to regulate discovery. *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 554 N.E.2d 1297. Pursuant to this rule, trial courts may limit discovery to prevent "fishing expeditions" where the requested discovery is broad and the

party requesting the discovery fails to demonstrate a likelihood that relevant evidence will be obtained. *Bland v. Graves* (1993), 85 Ohio App.3d 644, 620 N.E.2d 920. Thus, in *Henneman v. Toledo* (Dec. 24, 1986), Lucas App. No. L–86–026, unreported, 1986 WL 15200, the court held that the trial court correctly granted a protective order where all reports regarding assault arrests made by a particular officer were sought. Similarly, appellant's request for Zahrawi's entire employment file from Lake Hospital Systems, dating back over ten years, is too broad in the absence of any demonstration that relevant evidence will likely be obtained. As a result, the trial court correctly granted appellees' motion for a protective order. Appellant's second assignment of error is meritless.

■ In appellant's third assignment of error, it is argued that the trial court erred in limiting testimony to the time frame within which appellant worked for Zahrawi. In support of this contention, appellant cites *Tschantz v. Ferguson* (1994), 97 Ohio App.3d 693, 647 N.E.2d 507, which in turn cited *Hall v. Gus Constr. Co., Inc.* (C.A.8, 1988), 842 F.2d 1010, and *Hicks v. Gates Rubber Co.* (C.A.10, 1987), 833 F.2d 1406. Appellant contends that these cases stand for the proposition that any evidence of sexual harassment is relevant to prove a claim of a hostile working environment. However, our review of these cases indicates otherwise. As the *Tschantz* case itself recognized, these cases "all [stand] for [the] proposition that evidence tending to show a defendant's harassment of other women working *alongside* the plaintiff is directly related to whether the defendant created a [hostile working environment]." (Emphasis added.)

Events which occurred at a time when appellant was not employed with Zahrawi would not be relevant to a determination of whether the environment in which appellant worked was hostile. Thus, the trial court did not err in limiting testimony to events which occurred while appellant was employed by Zahrawi. Appellant's third assignment of error is meritless.

■ In appellant's fourth assignment of error, it is argued that the trial court erred in denying appellant's motions for a mistrial, for judgment notwithstanding the verdict and for a new trial. We disagree.

Appellant initially contends that the trial court erred in denying her motion for a mistrial because appellees, in opening statements, suggested that appellant's medical assistant training had overwhelmed her; that she would not do the work she was requested to do; that she sought out Zahrawi's attention; that appellant at some point had had too many drinks; that kissing and hugging was a social custom which appellant sought; that appellant had an affair with a prior employer; that appellant dressed provocatively; that appellant danced on a table;

that appellant discussed her sexual relationships at work and that appellant had discussed nude photographs of herself at work.

As appellees correctly contend:

"Statements made by counsel in an opening statement that certain evidence will be introduced are not improper if made in good faith and with reasonable ground to believe that the evidence is admissible, even though the intended proof to which reference is made may be afterward excluded." *In re Appropriation of Easement for Highway Purposes* (1962), 118 Ohio App. 207, 25 O.O.2d 57, 193 N.E.2d 702, paragraph two of the syllabus.

In the instant case, all but one of these items of evidence was later admitted into evidence. Furthermore, appellant has failed to demonstrate that the excluded item regarding an affair with a prior employer was alluded to in bad faith. As a result, the trial court correctly denied appellant's motion for a mistrial.

■ Appellant next contends that the trial court erred in denying her motion for a judgment notwithstanding the verdict. We disagree.

As stated in *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 411–412, 504 N.E.2d 19, 21–22, quoting *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 429–430, 344 N.E.2d 334, 338:

" 'The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. *Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.*' " (Emphasis *sic.*)

Evidence was introduced which showed that Zahrawi invited appellant to the medical convention for legitimate reasons, as previously discussed. Furthermore, evidence was introduced that Zahrawi routinely kissed his employees hello or goodbye and kissed them on special occasions such as their birthdays. Evidence was presented that such kisses were on the cheek and were accompanied by hugs. Zahrawi testified that he engaged in such behavior as social custom, to prevent the office from becoming too formal.

Construing the evidence most strongly in favor of appellees, and refraining from attaching weight or credibility to the evidence, it is clear that there was substantial evidence to support appellees' side of the case upon which reasonable

minds could reach different conclusions. Therefore, the trial court correctly denied appellant's motion for judgment notwithstanding the verdict.

Appellant contends that the trial court erred in denying her motion for a new trial. We disagree.

In *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976, syllabus, the court held:

"1. A motion for new trial upon the basis that the judgment is not sustained by sufficient evidence will not be granted where the verdict is supported by competent, substantial, and credible evidence.

"2. On a motion for new trial, the trial court must review the evidence adduced at trial and must also pass upon the credibility of the witnesses in general; the trial court does not undertake to judge the credibility of the evidence, but only to judge whether the evidence has the semblance of credibility.

"3. Granting a motion for new trial rests in the sound discretion of the trial court; that court's ruling will not be disturbed on appellate review unless there is an abuse of discretion * * *."

As previously discussed in this assignment of error, substantial credible evidence was presented at trial which would, if believed, support the jury's unanimous verdict. As a result, the trial court did not err in denying appellant's motion for a new trial. Appellant's fourth assignment of error is meritless.

In accordance with the foregoing, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.