TYLER, Appellant,

v.

CITY OF CLEVELAND, Appellee.■

[Cite as *Tyler v. Cleveland* (1998), 129 Ohio App.3d 441.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73136.

Decided Aug. 17, 1998.

442

*Dixon & Ours, Debra J. Dixon* and *James L. Deese,* for appellant.

*Sharon Sobol,* Director of Law, and *Lisa M. Herbert,* Assistant Director of Law, for appellee.

O'DONNELL, Judge.

Robert Tyler appeals from a decision of the common pleas court granting summary judgment to the city of Cleveland on his negligence action arising from injuries he sustained when he stepped on a manhole cover located on the sidewalk at 6916 Cedar Avenue in Cleveland, Ohio, and fell eight feet into the manhole because the bricks and mortar supporting the cover had deteriorated causing it to collapse. After a thorough review of the record, we have concluded that genuine issues of material fact exist as to whether the city had notice of the deterioration of the manhole and, accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

Around 1:00 A.M. on September 7, 1993, as Robert Tyler stepped onto a manhole cover located on the sidewalk at 6916 Cedar Avenue in Cleveland, Ohio, he fell eight feet into the manhole, landing in the sewer water and injuring his back and legs. Later investigation revealed that the bricks and mortar beneath the manhole cover had deteriorated, causing it to collapse. Thereafter, he filed this case alleging negligence against the city. In response, the city moved for summary judgment, urging that it neither created nor had notice of the allegedly defective manhole and, after reviewing the briefs of counsel, the trial court granted that motion.

Tyler now appeals, raising two assignments of error for our consideration. The first states:

"The trial court committed prejudicial error when it granted the city of Cleveland's motion for summary judgment."

Tyler contends that the court erred in granting summary judgment to the city because the city failed to keep the sidewalk open, in repair, and free from nuisance, and failed to maintain its water and sewer system.

The city contends that the court properly granted summary judgment in this case, arguing that it neither created the deteriorated condition of the manhole nor had notice of it and, therefore, cannot be liable for damages arising in connection with such condition.

The issue then presented for our review concerns whether the trial court erred when it granted the city's summary judgment motion.

In accordance with Civ.R. 56(C), summary judgment is proper if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact show that after construing the evidence most strongly in favor of the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.

■ Here, Tyler assumed the burden to show negligence on the part of the city in connection with the facts giving rise to this case. That burden of proof included the obligation to demonstrate a duty, breach of that duty, proximate cause, and damages. See *Anderson v. St. Francis–St. George Hosp., Inc.* (1996), 77 Ohio St.3d 82, 671 N.E.2d 225; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707.

At issue on this appeal are questions of whether the city breached its duty to keep the sidewalks open, in repair and free from nuisance, and whether the city breached its duty to maintain its water and sewer systems.

Regarding the sidewalk claim, R.C. 2744.02(B)(3) provides:

"Political subdivisions are liable for injury * * * caused by their failure to keep * * * sidewalks * * * open, in repair, and free from nuisance * * *."

Further, in *Cleveland v. Amato* (1931), 123 Ohio St. 575, 176 N.E. 227, the court stated in paragraph one of its syllabus:

■ "The duty imposed upon municipalities * * * is the exercise of ordinary care to keep its streets, sidewalks, and other public ways open, in repair and free from nuisance. Liability for damages for failure to perform such duty cannot arise except upon proof either that its agents or officers actually created the faulty condition from which injury resulted or that it had notice thereof, actual or constructive." See, also, *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 29 OBR 441, 505 N.E.2d 957.

■ In order to charge a municipality with constructive notice of a nuisance, "it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger or an invasion of private rights." See *Beebe v. Toledo* (1958), 168 Ohio St. 203, 6 O.O.2d 1, 151 N.E.2d 738, paragraph two of the syllabus.

■■ Here, in support of his burden, Tyler offered affidavits from Jermaine Austin and Theodora Austin describing an incident on July 6, 1992 in which Jermaine Austin stepped on a manhole cover that gave way, causing him to fall into the deteriorated manhole at 1376 East 66th Street. Tyler claims that this evidence of a similar fall fourteen months earlier at a nearby location creates a question of fact as to whether the city had constructive notice of the deteriorating condition of manholes in that neighborhood where he fell, which would preclude summary judgment in this case.

Moreover, Tyler also maintains that the city breached its duty arising from R.C. 2744.01(G)(2), which defines a proprietary function of a political subdivision to include:

"(c) The establishment, maintenance, and operation of a utility, including * * * a municipal corporation water supply system;

"(d) The maintenance, destruction, operation, and upkeep of a sewer system * * *."

R.C. 2744.02(B)(2) provides:

"Political subdivisions are liable for injury * * * to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

In *Doud v. Cincinnati* (1949), 152 Ohio St. 132, 39 O.O. 441, 87 N.E.2d 243, the court stated in its syllabus:

■ "2. Where a municipal corporation uses and assumes the management and control of a sewer within the municipality, it is required to exercise reasonable diligence and care to keep the same in repair and free from conditions which will cause damage to private property; and the municipality's failure in this respect makes it liable for damages caused by its negligence, in the same manner and to the same extent as a private person under the same circumstances.

■ "3. Although a municipal corporation is not liable for damages growing out of a dangerous condition which suddenly arises in connection with the use or operation of its sewers until it has actual or constructive notice of such dangerous condition, yet, since the municipal corporation has a duty of inspection of its

sewer as an instrumentality under its supervision and control, it becomes chargeable with notice of what reasonable inspection would disclose, including defects which may arise through the slow process of deterioration."

In this case, the city submitted an affidavit from Nicholas Jackson, Assistant Commissioner for the Division of Water, who stated that he searched the records from January 1, 1992 through September 7, 1993. He found no complaints of defective conditions. He further stated that no maintenance or repair work had been done regarding the 6916 Cedar Avenue manhole during that period.

Our court has previously considered manhole collapse cases and affirmed summary judgment in favor of the municipality in *Sims v. Cleveland* (July 3, 1997), Cuyahoga App. No. 71559, unreported, 1997 WL 379969, and *Austin v. Cleveland* (Feb. 2, 1995), Cuyahoga App. No. 66575, unreported, 1995 WL 44644. In those cases, the plaintiffs failed to present evidence from which a jury could find either actual or constructive notice to the city of the defective conditions of the sidewalks, and neither claimant raised an issue regarding the liability of the city for breach of proprietary functions.

After careful consideration of the evidence in this case, and after construing the evidence most strongly in favor of Tyler, we believe that questions of fact exist as to whether the Austin incident constitutes constructive notice to the city of the defective condition of manholes in that neighborhood, which could render the city liable in this instance for negligence pursuant to R.C. 2744.02(B)(3), and, also, whether the city is chargeable with notice of what reasonable inspection of the manhole would have disclosed if it had inspected the sewer, which could render it liable to Tyler for breach of its duty to maintain its sewer and water system pursuant to R.C. 2744.02(B)(2). Accordingly, we reverse the grant of summary judgment in this case.

Tyler's second assignment of error states:

"The trial court committed prejudicial error when it denied plaintiff's motion to compel discovery and for sanctions."

Tyler contends that the trial court abused its discretion in denying his motion to compel records in connection with the original construction of this manhole and information concerning any complaints of manhole covers caving in or falling in within the city, and in denying his motion for sanctions.

The city contends that the court properly denied these motions, arguing that it does not have records concerning the original construction of the manhole and that the other documents are irrelevant.

The issue then presented for our review concerns whether the trial court abused its discretion when it denied Tyler's motion to compel discovery and for sanctions.

■ A trial court has considerable discretion in the regulation of discovery, and may limit a request when it is broad and the party requesting the discovery fails to show the likelihood that relevant evidence will be obtained. See *Bland v. Graves* (1993), 85 Ohio App.3d 644, 620 N.E.2d 920; *Drawl v. Cleveland Orthopedic Ctr.* (1995), 107 Ohio App.3d 272, 668 N.E.2d 924.

We also recognize that relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

■ Regarding Tyler's request for records regarding the original construction of the brickwork underneath the manhole, because the city does not have those records, the trial court did not abuse its discretion in denying Tyler's motion to compel their production.

■ Regarding the requests for records and information concerning any complaints of manhole covers falling in or caving in within the city of Cleveland and for maintenance or rebuilding of all manhole covers in the city, we conclude that this request is overly broad and, hence, the trial court did not abuse its discretion in overruling this request.

Accordingly, the judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON, A.J., and DYKE, J., concur.