OPINION
{¶ 1} Appellant, City of Upper Arlington ("appellant"), filed this appeal seeking reversal of a decision by the Franklin County Court of Common Pleas denying appellant's motion for summary judgment based on appellant's claim of immunity as a political subdivision. For the following reasons, we find appellant is entitled to immunity, and reverse the trial court's decision.
 {¶ 2} Appellee, Phyllis Burns ("appellee"), is a Michigan resident who was visiting her aunt and cousins on June 27, 2003. Appellee was walking on Onandaga Drive *Page 2 
towards Tremont Road. Onandaga Drive does not have sidewalks, but Tremont Road does. At the corner where the two streets intersect, a storm sewer is set at street level where storm water drains from the street. At the sidewalk level, a metal plate covers the entrance to the storm sewer. In the middle of the metal plate is a round manhole cover that apparently provides access to the storm sewer. (Appellee's brief, Exh. B.)
 {¶ 3} Appellee saw a couple she recognized from other walks in the neighborhood and stepped onto the metal cover set in the sidewalk in order to move out of the couple's way. As she did this, appellee tripped and fell, suffering injuries as a result. Although she referred to the manhole cover, it was not clear from appellee's deposition testimony whether she tripped over the metal plate covering the drain or the round manhole cover set in the plate. Since this is not relevant to our decision, we will simply refer to the object over which appellee tripped as the "manhole cover" since that is the terminology the parties have consistently used.
 {¶ 4} Appellee filed suit, alleging that appellant failed to properly fit and align the manhole cover, and that appellant negligently failed to maintain the sidewalk in a reasonably safe condition. Appellant filed its motion for summary judgment, arguing that it was entitled to immunity pursuant to R.C. 2744.02 because placement of the manhole cover was part of the maintenance of the sidewalk, which is a governmental function, and none of the exceptions to the general rule of political subdivision immunity set forth in R.C. 2744.03 applied. In response to the motion for summary judgment, appellee argued that the manhole cover was part of the sewer system, and that maintenance of a sewer system is a proprietary function. Therefore, appellee claimed that appellant's immunity could be overcome by a showing that appellant negligently performed this proprietary *Page 3 
function, as set forth in R.C. 2744.02(B)(2). The trial court agreed with appellee, and denied appellant's motion for summary judgment. Appellant then filed this appeal pursuant to R.C. 2744.02(C), which provides that any order denying a political subdivision the benefit of an alleged immunity is a final order.
 {¶ 5} Appellant alleges two assignments of error, as follows:
 Assignment of Error No. 1: The trial court failed to find that an alleged negligent maintenance of a sidewalk is a governmental function immune under R.C. 2744.01 et seq.
 Assignment of Error No. 2: The trial court failed to find that the City is immune for a slip and fall on a sidewalk near a manhole cover because the alignment of the manhole cover is a design issue, not a maintenance issue, and is therefore a governmental function under R.C. 2744.01(C)(2)(l).
 {¶ 6} We review the trial court's decision on the summary judgment motion de novo. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v.State Emp. Rels. Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 7} In reviewing a claim of political subdivision immunity, R.C. Chapter 2744 sets forth a three-tiered analysis. Cater v. Cleveland
(1998), 83 Ohio St.3d 24, 697 N.E.2d 610. First, R.C. 2744.02(A)(1) sets forth the general rule that "a political *Page 4 
subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Next, it is necessary to determine whether any of the exceptions to this general rule listed in R.C. 2744.02(B)(1) through (5) are applicable. Finally, if it is determined that one of the exceptions might apply, the political subdivision may assert one of the affirmative defenses set forth in R.C. 2744.03(A). See Colbert v. Cleveland (2003),99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781.
 {¶ 8} In this case, there is no dispute that appellant is a political subdivision to which the general rule of immunity in R.C. 2744.02(A)(1) applies. The issue then is whether any of the exceptions in R.C.2744.02(B)(1) through (5) applies. In her response to appellant's motion for summary judgment, appellee argued that three of the exceptions contained in R.C.2744.02(B) should apply to her claim: specifically, those set forth in R.C. 2744.02(B)(2), (3), and (5). Those exceptions state as follows:
 (2) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 (3) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 * * * *Page 5 
 (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code[.] * * *
 {¶ 9} The trial court expressly rejected appellee's contentions regarding the applicability of R.C. 2744.02(B)(3) and (5). The trial court concluded that the exception in subparagraph (5) imposing liability where liability is expressly imposed by a section of the Revised Code did not apply because while R.C. 723.51 (the section cited by appellee) makes a municipal corporation responsible for the care, control, and supervision of public sidewalks, the section makes it clear that liability or immunity for the exercise of that care, control, and supervision is still determined by R.C. 2744.02. The trial court rejected appellee's argument regarding the applicability of subparagraph (3) because the General Assembly had specifically removed sidewalks from its coverage.
 {¶ 10} We agree with the trial court's analysis of the applicability of the exceptions set forth in R.C. 2744.02(B)((3) and (5). Therefore, the question that must be resolved is whether the exception for negligent performance of a proprietary function set forth in R.C.2744.02(B)(2) applies. This requires a determination of whether the action for which appellee seeks to hold appellant liable constituted a governmental function or a proprietary function.
 {¶ 11} R.C. 2744.01 sets forth general definitions of both governmental function and proprietary function, and includes non-exhaustive lists giving examples of each. R.C. 2744.01(C)(2)(e) identifies as one of the specific governmental functions "[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, *Page 6 
alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds[.]" R.C. 2744.01(G)(2)(d) establishes one of the specific proprietary functions as "[t]he maintenance, destruction, operation, and upkeep of a sewer system[.]"
 {¶ 12} Appellee was injured as she stepped onto a manhole cover that leads into the city's sewer system. The manhole cover was set in the sidewalk in a manner that created a raised edge upon which appellee tripped. Appellee's complaint alleged that appellant should be liable for failing to properly align the manhole cover with the sidewalk. Thus, the question before us is whether aligning the manhole cover would be considered part of the maintenance of the sidewalk and therefore a governmental function, as appellant argues, or part of maintenance of the sewer system and therefore a proprietary function, as appellee argues and the trial court concluded.
 {¶ 13} Each party has cited to cases that have in some way involved attempts to overcome the general rule of political subdivision immunity in cases involving manholes or manhole covers. For example, appellee points to a case involving a manhole that considered the applicability of R.C. 2744.02(B)(2)'s exception for negligent performance of a proprietary function in Tyler v. City of Cleveland (1998),129 Ohio App.3d 441, 717 N.E.2d 1175. The court found that the city could be liable under the proprietary function exception where the plaintiff fell through a manhole cover. However, in that case, the plaintiff's fall into the manhole was caused by a deterioration of the portion of the sewer that supported the manhole cover, and not the manhole cover itself. Id. at 445-446.
 {¶ 14} Appellant points to Walters v. City of Eaton (Mar. 25, 2002), Preble App. No. CA2001-06-012, 2002-Ohio-1338, in which the Twelfth District Court of Appeals stated, "The maintenance and repair of the manhole at issue is a governmental function *Page 7 
under R.C. 2744.01(C)(2)(e)." Id. at 8, citing Austin v. City ofCleveland (Feb. 2, 1995), Cuyahoga App. No. 66575. The courts in bothWalters and Austin were not required to analyze whether a manhole is part of the sidewalk or part of the sewer system for purposes of R.C.2744.02 because each case involved claims under the then-existing version of R.C. 2744.02(B)(3), which imposed liability on a political subdivision for, among other things, the failure to maintain public roads and sidewalks in repair and free from nuisance. Effective April 9, 2003, the General Assembly amended R.C. 2744.02(B)(3) to, among other things, remove the reference to sidewalks and the imposition of liability for maintaining a nuisance in the public roads. Since it was not necessary for resolution of either case, the Walters andAustin courts were able to assume without analysis that maintenance of manholes is a governmental function.
 {¶ 15} We conclude that in this case, the conduct about which appellee complains was the maintenance of a sidewalk, and not the maintenance of a sewer. Although the manhole cover upon which appellee tripped was intended to provide access to the sewer system, it was not, in and of itself, a part of that system. It was, instead, intended to form part of the walkway for pedestrian traffic to use, and was therefore part of the sidewalk.
 {¶ 16} We conclude that appellant was engaged in a governmental function rather than a proprietary function with respect to the placement of the manhole cover as part of the sidewalk. Therefore, appellant was entitled to the immunity set forth in R.C. 2744.02(A)(1) because none of the exceptions to the general rule of immunity set forth in R.C. 2744.02(B)(1) through (5) apply. Consequently, the trial court erred when it denied appellant's motion for summary judgment. *Page 8 
 {¶ 17} Having sustained appellant's first assignment of error, we overrule the second assignment of error as moot. This case is hereby remanded to the Franklin County Court of Common Pleas for further action consistent with this decision.
Judgment reversed, cause remanded.
 McGRATH, J., concurs. BRYANT, J., concurs separately.