[Cite as *Wilson v. Cleveland*, 2012-Ohio-4289.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98035

---

# ROGER WILSON

### PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-753594

**BEFORE:** E. Gallagher, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEYS FOR APPELLANTS**

Barbara Langhenry
Interim Director of Law

Jerome A. Payne, Jr.
Assistant Director of Law
Room 106 - City Hall
601 Lakeside Avenue
Cleveland, Ohio    44114

**ATTORNEY FOR APPELLEE**

Thomas J. Silk
Obral, Silk, & Associates
1370 Ontario Street
1520 Standard Building
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} The city of Cleveland appeals the trial court's order denying summary judgment. The city argues that the trial court erred when it determined that the city was not entitled to political subdivision immunity under R.C. Chapter 2744. For the following reasons, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} The record before us is incomplete because the plaintiff's deposition was never filed with the trial court. The parties merely attached to the dispositive motion and the response thereto an exhibit consisting of three pages of the deposition testimony of plaintiff-appellee in which he testified that on May 19, 2008, he was walking on the sidewalk on Walford Avenue approaching West 100th with a Ms. Gray, that he stepped on a manhole and the entire cover came off and he went into the hole up to his chest. The appellee, however, did also submit an affidavit in which he avers that he stepped on a manhole cover and "the weight caused the cover to flip up allowing my leg to fall into the hole" and, with respect to the sidewalk and the surrounding area, he describes it "in some state of disrepair" and "in seriously delapidated condition or in some need of repair." There is nothing in the record before us that there was any defect with the manhole or the surrounding area but for appellee's self-serving affidavit.

{¶3} The city supplied the Division of Water's records to demonstrate that an inspection of this specific cover was conducted in January 2008 and no loose or missing covers were listed. The city claims that there is nothing in the Division of Water's

records to indicate it had any knowledge of that particular manhole cover being loose.

{¶4} The city alleges two assignments of error. The first is that Wilson failed to show that the city knew, or should have known about the loose manhole cover. The second, is that the sidewalk exception to political subdivision immunity no longer exists as the statute was amended.

{¶5} Our review of a trial court's denial of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201 (1998). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264 (1996).

{¶6} For ease of discussion, we shall address the city's second assignment of error first. In this assignment of error, the city argues that the immunity exception found in R.C. 2744.02(B)(3) is not relevant in this case because, as of the 2002 amendment,

sidewalks are no longer covered in the statute. Based on the following, this court sustains this assignment of error.

{¶7} In determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744, a three tiered analysis is required. *Lyons v. Teamhealth Midwest Cleveland*, 8th Dist. No. 96336, 2011-Ohio-5501, at ¶ 23-25.

> The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B) * * *.
>
> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. * * *
>
> If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

{¶8} Beginning with the first tier, the city is generally immune from liability. R.C. 2744.02(A)(1) provides:

> For the purposes of this chapter the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil injury, death, or loss to a person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. *Id*. at ¶ 30.

Therefore, the City is entitled to political subdivision immunity in this case.

{¶9} We must now examine the second tier to see whether an exception existed under R.C. 2744.02(B). Prior to the 2002 amendment to R.C. 2744.02(B)(3), the statute read

> political subdivisions are liable for injury, death, or loss of property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance and other negligent failure to remove obstruction.

R.C. 2744.02(B)(3). However, after the amendment, the statute now reads "political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads." R.C. 2744.02(B)(3) (effective April 9, 2003). It is clear that the intention of the legislature in amending this statute was to remove, among other things, "sidewalks" from this exception to the political subdivision immunity.

{¶10} Furthermore, the statute defines "public roads" as "public roads, highways, streets, avenues, alleys, and bridges, within a political subdivision. 'Public roads' does not include berms, shoulders, rights-of-way, or traffic control devices." R.C. 2744.01(H). The sidewalk is an area of a public road beyond that of a berm or shoulder. It follows, that if berms and shoulders were not to be included in the statute, then the sidewalk was not either.

{¶11} Similarly, case law supports this court's conclusion. This court has stated that, regarding the R.C. 2744.02(B)(3) statute, "sidewalks are not considered

public roads." *Gordon v. Dziak*, 8th Dist. No. 88882, 2008-Ohio-570, at ¶ 36. *Gordon* continues on to say that because

> [plaintiff's] injury occurred * * * after the General Assembly amended R.C. 2744.02(B)(3) by removing the word 'sidewalk' * * * the city is entitled to immunity under R.C. 2744.02(A)(1), because R.C. 2744.02(B)(3) does not impose liability on the city for the negligent maintenance of its public sidewalks.

*Id.* at ¶38. It is clear that the political subdivision immunity should not be eliminated under the R.C. 2744.02(B)(3) exception when the injury occurs on a sidewalk.

{¶12} For the reasons stated above, the city's second assignment of error is sustained.

{¶13} In its first assignment of error, the city argues that the trial court erred in denying the city's motion for summary judgment because Wilson failed to show that the city had actual, or constructive notice, of the allegedly defective manhole cover. For the reasons that follow, we sustain this assignment of error and find that the city does have immunity in this case.

{¶14} As stated above the city is generally entitled to a grant of immunity. R.C. 2744.02(A)(1). Thus, we must determine if any exception under R.C. Chapter 2744 applies. The relevant exception in R.C. 2744.02(B) implicated by this case that could potentially defeat the city's immunity discussed above is R.C. 2744.02(B)(2). It provides that political subdivisions are liable for "negligent performance of acts by their employees with respect to proprietary functions." The city asserts that Wilson has failed

to provide facts that would demonstrate that the city performed a proprietary act negligently.

{¶15} The question now becomes whether this is a proprietary function case or a governmental function case. R.C. 2744.01(G)(2) lists specific functions expressly designated as proprietary functions. This list includes "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system" and "the maintenance, destruction, operation, and upkeep of a sewer system." R.C. 2744.01(G)(2)(c-d). The maintenance of a sidewalk is governmental function, see *Burns v. Upper Arlington*, 10th Dist. No. 06AP-680, 2007-Ohio-797, at ¶15-16, and *Gordon v. Dziak*, 8th Dist. No. 88882, 2008-Ohio-570. As a governmental function, R.C. 2744.02(B)(2) exception does not apply. However, the maintenance of a sewer or water delivery system is a proprietary function.

{¶16} When a person incurs an injury from falling into a manhole with an unsecured cover, several courts have construed that scenario as falling under the category of maintenance of a sewer system and thus, a proprietary function. In *Scott v. Columbus*, 192 Ohio App.3d 465, 2011-Ohio-677, 949 N.E.2d 552 (10th Dist.), the court allowed a complaint to survive a Civ.R. 12(B)(6) motion to dismiss when the plaintiff fell into a manhole. The court said, "it is reasonable to infer from Scott's allegation that the city negligently 'allowed the manhole cover to become improperly anchored' that he

is alleging negligence with respect to the city's maintenance of the underlying support for the manhole cover." *Id*. at 471. However, unlike our case, *Scott* involved a motion to dismiss and the court was merely assessing whether or not that complaint should survive a motion to dismiss to allow Scott an opportunity to prove such negligence.

{¶17} In *Wiley v. Cleveland*, 8th Dist. No. 62543, 1993 Ohio App. LEXIS 2628 (May 20, 1993), this court reversed the grant of the city's motion for summary judgment based on immunity. In *Wiley*, the plaintiff produced an affidavit from a witness who alleged seeing sewer workers attempting to fix the manhole cover that Wiley fell into shortly before the time of Wiley's accident. *Id.* Furthermore, Wiley provided the court with pictures from the same witness of what appeared to be concrete patchwork on the manhole cover in question. *Id.* The court found this to be enough evidence to implicate the maintenance of the sewer system. *Id.* It must also be noted that this case occurred prior to the amendment to 2744.02(B)(3), so the city could have been found liable based on negligent sidewalk maintenance.

{¶18} In *Tyler v. Cleveland*, 129 Ohio App.3d 441, 717 N.E.2d 1175 (8th Dist. 1998), the plaintiff fell into a manhole when the cover turned over. Tyler provided affidavits from a person who fell into a manhole fourteen months prior to Tyler and in the same area as the one into which Tyler fell and around which there was deteriorated support. The court found that was enough to survive a motion for summary judgment based on the notice requirement of negligence on the part of the city to maintain the

sewer system. *Id.* Again, it is noted that this case occurred prior to the amendment to 2744.02(B)(3), so the city could have been found liable based on negligent sidewalk maintenance.

{¶19} Ohio courts have found that when a person trips over the raised edge of a manhole cover, the manhole is considered a part of the sidewalk and, therefore, maintenance is a government function. *See Burns v. Upper Arlington*, 10th Dist. No. 06AP-680, 2007-Ohio-797, at ¶13, 15. Burns tripped over an improperly aligned manhole cover that was raised from the level of the sidewalk. *Id.* at ¶ 3. The evidence Burns provided was that of a defect in the sidewalk and not the integrity of the sewer system or manhole. Thus, the court granted immunity to the city as maintenance of the sidewalk is a governmental function.

{¶20} Here, Wilson has provided no evidence to support his suggestion that there was a defect in the integrity of the underlying support system of the manhole. The only evidence offered to suggest there was any problem in the area is a photo of cracks in the sidewalk. Wilson also provided a photo of the manhole cover being held up on its side, a photo where, presumably, Wilson slid the cover half off of the manhole and photos showing a deterioration of the berm of the road. This, however, is not the sidewalk. The photos of the deteriorated berm bear a copyright from Google and are dated August 2009, 15 months after the alleged fall. None of the photos show any discernable defects to the manhole itself or its underlying support system. Therefore,

the only defect Wilson has provided to this court is that of a few cracks in the sidewalk. This implicates a potential defect in the sidewalk, but not the underlying support system for the manhole cover.

{¶21} Our case is not like the others that found fault with the sewer system. Here, there is no previous incident in the area resulting from deterioration as in *Tyler*. We have no witnesses alleging they saw the city attempting to make repairs to the manhole cover like in *Wiley*. All we know is that there were cracks in the sidewalk and the manhole cover came loose. While the mere fact that the manhole cover came unanchored was enough to meet the burden of a well-pled complaint to survive a Civ.R. 12(B)(6) motion in *Scott*, it alone cannot be construed as evidence of a deteriorating manhole or sewer system after the opportunity for discovery.

{¶22} By extension, Wilson has provided no evidence that there was any defect in the maintenance of the manhole or sewer system. The evidence provided only details potential defects in the maintenance of a sidewalk, which is a governmental function. As such, the city's motion for summary judgment should be granted.

{¶23} Even if we were to somehow construe that Wilson provided enough evidence to find that a proprietary function was the area of negligence in this case, he still cannot meet the notice requirement of negligence. A "municipal corporation is liable only for negligence in creating a faulty condition or in failing to repair, remove or guard against defects after receiving actual or constructive notice of their existence." *Graves*

*v. E. Cleveland*, 8th Dist. No. 70675, 1997 Ohio App. LEXIS 326 (Jan. 30, 1997) *4.

{¶24} Wilson has provided nothing to show that the city had any actual notice of the loose manhole cover. To the contrary, the city has provided evidence that it was not aware of the condition of the manhole cover. Affidavit of Clarice Mizell at ¶ 9 attached to city's motion to dismiss. The city also admitted evidence it inspected that manhole cover recently. *Id*. at ¶ 5. Therefore, Wilson has not established actual notice on the part of the city so he must establish constructive notice to survive a grant summary judgment.

{¶25} In order

> to charge a municipality with constructive notice, the injured party must show that the defect existed in such a manner and for a sufficient length of time that it could or should have been discovered, and that if it had been discovered, it would have created a reasonable apprehension of a potential danger.

*Graves v. E. Cleveland*, 8th Dist. No. 70675, 1997 Ohio App. LEXIS 326, *4 (Jan. 30, 1997). Here, appellee has failed to establish constructive notice.

{¶26} Previous cases in this district have found constructive notice to be present in similar cases with manhole cover accidents. In *Tyler* and *Wiley*, above, the evidence offered to allege a faulty sewer system functioned as evidence of constructive notice.

{¶27} In support of the allegation that the city should have discovered the defect in the manhole cover, Wilson provided the trial court with photos reflecting a few cracks in the sidewalk surrounding the manhole cover. He argues that this is enough to show

that the manhole cover was defective. This court does not agree. Cracks in the sidewalk do not necessarily suggest anything about a manhole located in that sidewalk. It is merely a crack in a surface next to a manhole.

{¶28} Even if this evidence suggested some defect of the manhole, there is no evidence to show these cracks existed for a period of time long enough that the city should have discovered them. They could have been made a day, or even minutes, before Wilson fell into the manhole.

{¶29} Lastly, there is nothing to show that these cracks create a reasonable apprehension of danger. In his affidavit, Wilson admits that there was nothing that would suggest to him the manhole cover was defective; that is why he stepped on it.

{¶30} Appellee has not met a standard of actual or constructive notice to charge the city with negligence in executing a proprietary function. Therefore, the city should be entitled to immunity in this case.

{¶31} For the reasons stated above the appellant's second assignment of error is sustained.

{¶32} Thus, we conclude that the trial court erred in denying appellant's motion for summary judgment based on political subdivision immunity under R.C. Chapter 2744.

{¶33} We reverse and remand to the trial court with instructions to enter judgment for the city.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR

**Appendix**

**Assignments of Error**

I. **"The trial court erred when it denied the City of Cleveland's motion for summary judgment because the city did not negligently perform, or create or have actual or constructive notice of the alleged hazard."**

II. **"The trial court erred when it denied the City of Cleveland's motion for summary judgment because injuries that occur on sidewalks are not an exception to a political subdivision's immunity."**