[Cite as *Girdler v. Libassi*, 2022-Ohio-1846.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| ANNETTE GAYLE GIRDLER, | : | |
| Plaintiff-Appellant, | : | No. 111111 |
| v. | : | |
| PATRICIA D. LIBASSI, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 2, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932830

### *Appearances:*

Tayfel & Associates, LLC, and Eric W. Tayfel, *for appellant*.

Pilawa & Brennan Co., LPA, Kimberly A. Brennan, and Dennis M. Pilawa, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Annette Gayle Girdler ("Girdler"), appeals an order granting summary judgment in favor of defendants-appellees, Patricia D. Libassi and Philip S. Libassi (collectively "the Libassis"). Girdler claims the following two errors:

1. The trial court erred as a matter of law in granting defendant-appellees' motion for summary judgment when defendant-appellees were aware of a dangerous condition on their property and affirmatively acted to maintain the dangerous condition which caused plaintiff-appellant's injury.

2. The trial court erred as a matter of law [by] concluding that the height difference between two squares of concrete sidewalk was conclusively less than two inches and therefore an insubstantial defect.

{¶ 2} After reviewing the record and applicable law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Girdler filed a complaint against the Libassis for personal injuries she sustained after she tripped and fell on a public sidewalk in front of the Libassis' home. Girdler alleged that she tripped and fell on the sidewalk because the Libassis negligently allowed grass to grow between the sidewalk squares and the grass concealed a difference in height between the two squares. She asserted that the Libassis negligently failed to maintain the sidewalk in a safe condition and negligently failed to warn her of the hazardous condition.

{¶ 4} After answering the complaint and conducting discovery, the Libassis filed a motion for summary judgment, arguing that it is the municipality, not the owner of the adjacent property, that has the duty to maintain public sidewalks in a safe condition. They further argued that private homeowners are not responsible for an adjacent sidewalk's condition unless one of three exceptions applies: (1) a statute or ordinance imposed a specific duty on the property owner to maintain the sidewalk in good repair, (2) "by affirmative acts [the property owner] created or

negligently maintained the defective or dangerous condition causing the injury'"; or (3) the property owner "'negligently permitted the defective or dangerous condition to exist for some private use or benefit.'" (Defendants' motion for summary judgment p. 5, quoting *Donnelly v. Berea*, 8th Dist. Cuyahoga No. 108753, 2020-Ohio-2722, ¶ 13.) The Libassis argued that because none of the exceptions were applicable in this case, they were entitled to judgment as a matter of law. They also argued that the height deviation between the two sidewalk squares was less than two inches and the condition on the sidewalk was open and obvious, thus absolving them of liability.

{¶ 5} Girdler filed a cross-motion for partial summary judgment, arguing the Libassis knew the sidewalk was uneven and that grass growing between the slabs of concrete concealed the difference in elevation of the sidewalk near where Girdler tripped and fell. She further asserted that although private homeowners generally have no duty to maintain public sidewalks, the Libassis were liable for her injuries because they created or negligently maintained a dangerous condition that proximately caused her injury.

{¶ 6} The trial court granted the Libassis' motion for summary judgment on the grounds that none of the three exceptions enumerated in *Donnelly*, which confer liability on private property owners, were applicable. The trial court also found that the difference in elevation of the sidewalk squares measured less than two inches and there were no attendant circumstances that would turn an otherwise minor defect into a substantial or dangerous condition. By granting the Libassis' motion

for summary judgment in total, it implicitly overruled Girdler's partial motion for summary judgment. Girdler now appeals the trial court's judgment.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

### B. Affirmative Act of Negligence

{¶ 8} In the first assignment of error, Girdler argues the trial court erred in granting the Libassis' motion for summary judgment on her negligence claim because the evidence showed that they were aware of a dangerous condition and affirmatively acted to maintain the dangerous condition.

{¶ 9} To prevail on a negligence claim, Girdler had to establish that the Libassis owed her a duty, that they breached that duty, and that the breach of that duty proximately caused her injuries. *Tyler v. Cleveland*, 129 Ohio App.3d 441, 444,

717 N.E.2d 1175 (8th Dist.1998). In this case, the trial court found that the Libassis did not owe Girdler a duty of care to maintain the sidewalk in good repair.

{¶ 10} Sidewalks on public streets are presumed to be "under the control of the municipality or public authority." *Eichorn v. Lustig's, Inc.*, 161 Ohio St. 11, 13, 117 N.E.2d 436 (1954). Thus, abutting landowners generally owe no duty to pedestrians for the condition of a public sidewalk. *Id.* However, there are exceptions to the general rule propounded in *Eichorn*, and adjacent property owners may be liable for injuries sustained on public sidewalks if one of three exceptions applies: (1) a statute or ordinance imposes a duty on the property owner to keep the sidewalks in good repair; (2) "by affirmative acts," the property owner created or negligently maintained a defective or dangerous condition that caused injury; or (3) the property owner negligently allowed the defective or dangerous condition to exist "'for some private use or benefit.'" *Donnelly*, 8th Dist. Cuyahoga No. 108753, 2020-Ohio-2722, at ¶ 14, quoting *Crowe v. Hoffman*, 13 Ohio App.3d 254, 255-256, 468 N.E.2d 1120 (6th Dist.1983).

{¶ 11} It is undisputed that Girdler tripped and fell on a public sidewalk. And, Girdler concedes there is no evidence that the Libassis created the uneven sidewalk. She nevertheless argues the Libassis are liable for her injuries pursuant to the second exception to the *Eichorn* rule,[1] which holds that adjacent property owners may be liable for injuries sustained on public sidewalks if, by affirmative acts, they

---

[1] Girdler makes no argument that either the first or third exceptions to the *Eichorn* rule apply in this case. We, therefore, focus solely on the second exception as argued in Girdler's merit brief.

created or negligently maintained a dangerous condition that proximately caused the plaintiff's injury. *Donnelly* at ¶ 14, 22.

{¶ 12} However, for this exception to apply, the dangerous condition "'cannot be the result of ordinary wear and tear but must [be] due to some affirmative misconduct by the landowner.'" *Id.* at ¶ 22, quoting *Guder v. Kuhr*, 1st Dist. Hamilton Nos. C-940517, C-940521, and C-940539, 1995 Ohio App. LEXIS 3107, 8 (July 26, 1995). "Such evidence must necessarily show that the use of the sidewalk which brought about its disrepair was expressly or impliedly authorized by such owner." *Eichorn* at 14. "'Affirmative acts' have been described as the 'construction of an obstruction, or that the defect was created by the affirmative negligence of the defendant, such as constructing a manhole in the sidewalk and leaving it uncovered.'" *Burgess v. Johnson*, 5th Dist. Delaware No. 11CAE050042, 2011-Ohio-5241, ¶ 28, quoting *Dennison v. Buckeye Parking Corp.*, 94 Ohio App. 379, 380-381, 115 N.E.2d 187 (10th Dist.1953).

{¶ 13} Girdler argues the Libassis negligently maintained a dangerous condition on the sidewalk by allowing grass to grow over uneven concrete and conceal the difference in elevation between the sidewalk squares. She asserts "[t]he negligent maintenance of the condition occurred when Defendant Philip Libassi would run his lawnmower over the grass while cutting the lawn." (Appellant's brief p. 8.) Viewing these facts in a light most favorable to Girdler, we find the mere act of lawnmowing does not rise to the level of an "affirmative act" of negligence that

creates a dangerous condition as required for the second exception to apply. As the court in *Burgess* observed:

> [T]he *Eichorn* rule requires something more than mere neglect in allowing grass to grow in a sidewalk. The homeowner must actually do something to the sidewalk in order to be liable. * * * Allowing grass to grow and hide a defect is not negligent maintenance of a sidewalk, but failure to trim grass or weeds. * * *
>
> [T]he natural occurrence of grass and weeds sprouting in the sidewalk crack is not tantamount to "negligently permitting" a defect as annunciated in *Eichorn.*

*Burgess* at ¶ 31-32.

{¶ 14} There is no evidence that the Libassis committed an affirmative act that created or negligently maintained a dangerous condition on the sidewalk. We agree with the court in *Burgess* that the natural occurrence of grass or weeds growing in sidewalk cracks does not amount to an affirmative act of negligence as contemplated by *Eichorn.* We, therefore, overrule the first assignment of error.

{¶ 15} In the second assignment of error, Girdler argues the trial court erred in concluding that the height difference between the two squares of concrete sidewalk was less than two inches and was, therefore, an insignificant defect. However, having determined that the Libassis were not responsible for the condition of the sidewalk where Girdler fell, the second assignment of error is moot.

{¶ 16} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR