[Cite as *Puffenberger v. Cleveland*, 2013-Ohio-4479.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99660**

---

## JAMES PUFFENBERGER

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783768

**BEFORE:**   Stewart, A.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 10, 2013

**ATTORNEYS FOR APPELLANT**

Theresa M. Bratton
Christina J. Marshall
Matthew C. O'Connell
Sutter O'Connell Co., L.P.A.
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEES**

Barbara A. Langhenry
Director of Law

BY:    Jerome A. Payne, Jr.
Assistant Director of Law
City Hall — Law Department
601 Lakeside Avenue, Suite 106
Cleveland, OH    44114

MELODY J. STEWART, A.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Plaintiff-appellant James Puffenberger filed suit against the city of Cleveland after sustaining injuries as a result of stepping on an unsecured manhole cover. The trial court granted summary judgment in favor of the city finding that it is immune from liability. We affirm the decision of the trial court.

**{¶3}** On May 31, 2010, Puffenberger was walking home after attending a Memorial Day parade when he stepped onto a covered manhole located on a tree lawn on Lakeshore Boulevard. The cover gave way, flipping up on one side, and Puffenberger fell through the hole up to his chest. He was able to climb out of the hole with the assistance of his companions; however, he sustained injuries to his knee that eventually required surgery.

**{¶4}** The manhole in question is serviced by the city, and each manhole the city services has a meter assigned to it. The meter number associated with the manhole relevant to this case is 930009579. Prior to Puffenberger's fall, the manhole was last serviced by the city on March 31, 2010.

**{¶5}** On appeal, Puffenberger asserts that summary judgment was improper because a genuine issue of fact remains as to whether the city's maintenance of the manhole was negligent and created a hazardous condition that caused his injuries.

**{¶6}** An appellate court reviews a trial court's decision granting summary judgment de novo. *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, _ 10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is proper where the movant has shown that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Grafton* at _ 105.

**{¶7}** Chapter 2744 of the Revised Code sets forth a three-tier analysis for determining whether a political subdivision is immune from liability. Under R.C. 2744.02(A)(1), a political subdivision is not liable for injury, death, or loss to persons or property caused by an act or omission of its employees or agents in connection with a governmental or proprietary function. R.C. 2744.02(B), however, lists five exceptions to the general immunity rule. If one or more exceptions apply, the third tier of analysis requires a determination of whether immunity may be reinstated because a defense applies. R.C. 2744.03.

**{¶8}** Puffenberger argues that under the circumstances of this case, the city is not immune from liability because the city negligently maintained the manhole: an exception to the general immunity rule provided in R.C. 2744.02(B). Specifically, R.C. 2744.02(B)(2) states:

> Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

However, before R.C. 2744.02(B)(2) will remove a political subdivision's immunity, a plaintiff must first establish the elements required to sustain a negligence action and second, that the negligence arose out of a "proprietary function." *Nelson v. Cleveland*, 8th Dist. Cuyahoga No. 98548, 2013-Ohio-493, _ 16, citing *Williams v. Glouster*, 4th Dist. Athens No. 10CA58, 2012-Ohio-1283, 864 N.E.2d 102, ¶ 17.

**{¶9}** Under R.C. 2744.01(G)(2)(d), proprietary functions include "[t]he maintenance, destruction, operation, and upkeep of a sewer system." The city concedes that the maintenance of the manhole qualifies as a "proprietary function" under the statute and, therefore, we move on to consider whether Puffenberger has established that the city was negligent in maintaining the manhole.

**{¶10}** "In order to establish negligence, one must show the existence of a duty, a breach of that duty, and that the breach was the proximate cause of an injury." *Nelson* at _ 22, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The city argues that there is no evidence to establish that the manhole cover was unsecured due to any negligent maintenance by its employee and also maintains that the manhole was not under the exclusive control of the city for months before, and at the time of, the injury.

{¶11} Under R.C. 2744.02(B)(2), a plaintiff must show the city employee was negligent in the performance of his duty to maintain the manhole, not merely that a hazardous condition existed. Here, Puffenberger presents no evidence that the city employee servicing the manhole on March 31, 2010, did so negligently as to create the hazard. The deposition of the city employee who last serviced the hole stated that he had no recollection of performing service on this particular manhole. Since the general public also has access to the manhole, someone other than a city employee could have tampered with the cover compromising its stability. It is impossible for Puffenberger to show that in the two months that passed between the date of service and his fall down the manhole that no additional person or instrumentality came into contact with the manhole, turning it into a dangerous condition. Therefore, we find that Puffenberger cannot prove that a city employee negligently performed his duties.

{¶12} Puffenberger relies on *Graves v. E. Cleveland*, 8th Dist. Cuyahoga No. 70675, 1997 Ohio App. LEXIS 326 (Jan. 30, 1997), for the proposition that the mere existence of a hazardous condition by the city is sufficient for a finding of negligence. In *Graves*, the plaintiff was injured after he fell into a pothole on a darkened street in the city of East Cleveland. *Id.* at _ 2. He filed suit against the city for failure to maintain its street and street lighting. The trial court granted summary judgment in favor of East Cleveland because the court found that the plaintiff failed to show the city created the defective condition or had actual notice or constructive notice of the condition. *Id.* at _ 3. This court reversed the judgment finding that the plaintiff did have some evidence

that a call was made to the city's service director concerning the condition of the street. *Id.* at _ 4-5. We also found that a municipality can be held liable under the immunity exception in R.C. 2744.02(B)(3) for conditions that render a street unsafe for usual and ordinary modes of travel. *Id.* at _ 8.

**{¶13}** Puffenberger's reliance on *Graves,* however, is misplaced. In contrast to *Graves*, here there is no indication that the city was aware of the manhole's hazardous condition. In *Wilson v. Cleveland*, 8th Dist. Cuyahoga No. 98035, 2012-Ohio-4289, this court specifically held that a "municipal corporation is liable only for negligence in creating a faulty condition or in failing to repair, remove or guard against defects after receiving actual or constructive notice of their existence." *Id.* at _ 23, quoting *Graves* at _ 4. *See, e.g.*, *Wiley v. Cleveland*, 8th Dist. Cuyahoga No. 62543, 1993 Ohio App. LEXIS 2628 (May 20, 1993) (summary judgment for the city was improper where the plaintiff produced evidence of construction on the manhole's cover just prior to the plaintiff's injury); *Tyler v. Cleveland*, 129 Ohio App.3d 441, 717 N.E.2d 1175 (8th Dist.1998) (summary judgment for the city was improper where the plaintiff provided affidavits showing recent injuries of other people at the same manhole where the plaintiff was injured).

**{¶14}** In this case, the affidavit of the superintendent of distribution for the city's Department of Public Utilities demonstrated that the city was not aware of any complaints regarding the condition of the manhole. Since there is no evidence of when the manhole cover became unsecured, how long the hazardous condition existed, and no evidence that

the city had knowledge of the condition, Puffenberger fails to meet his burden in establishing a negligence claim as an exception to the general rule of immunity. Summary judgment was proper.

**{¶15}** Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR